MARTIN v. POWELL.

No. 11802.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 18, 1948.

Rehearing Denied March 17, 1948.

Joseph A. Chandler, of Stephenville, for appellant.

Lloyd & Lloyd, of Alice, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege. Exception 10 is involved (Article 1995, Section 10, Vernon's Ann.Civ.Stats.), which provides that:

"Suit for the recovery of personal property may be brought in any county where the property may be or where the defendant resides."

Plaintiff's petition alleged a suit for the recovery of an automobile situated in Jim Wells County. A cause of action for damage arising out of the sale of a defective automobile was also set forth in the petition. Prior to the hearing upon the plea of privilege, the defendant disclaimed all interest in and to the automobile. The effect given this disclaimer determines the appeal.

The case turns largely upon the pleadings which we state in more detail.

In his petition, J. A. Powell, Jr., plaintiff below and appellee here, a resident of Jim Wells County, complained of R. E. Martin, a resident of Erath County and Ray Woods Automobile Company, domiciled in Dallas County.

Powell alleged that on March 27, 1947, he purchased from Martin a Kaiser sedan automobile, for $740 cash and a 1941 model Ford; that certain repairs to the Kaiser automobile were to be made and the car was taken to Ray Woods Auto Company for this purpose, and that the automobile was defective, improperly repaired, and wholly failed to function. Resulting damages were prayed for.

The only allegations of the petition which could be construed as stating an action within the provisions of venue exception 10, above quoted, were contained in the following paragraph:

"IV. By reason of the discovery of the foregoing defects in said Kaiser automobile this plaintiff has held and continues to hold certificate of title to his Ford automobile herein described and by reason of his failure to deliver said certificate of title and by reason of the attempted repairs above described defendants are asserting some character of lien or claim against the Kaiser automobile now located in Jim Wells County, Texas."

Both defendants filed pleas of privilege, which were controverted by plaintiff, who asserted that "this suit is one for the recovery of title and possession of personal property situated in Jim Wells County, Texas, to-wit: One 1946 Model Kaiser Sedan automobile, * * *."

Upon the date of the hearing, each of the defendants, by instruments in writing duly filed in this cause, disclaimed all interest in and to the Kaiser automobile. The defendant Martin in his pleadings stated: "This defendant says that he has never claimed or asserted any character of lien or claim against the Kaiser sedan automobile mentioned in plaintiff's petition, and he here and now disclaims any right, title, interest, lien, demand or claim of every kind and character as to said automobile. That said automobile has been in possession of the plaintiff and he has had the legal title thereto since such automobile was first delivered to him so far as this defendant knows. That no controversy existed between this defendant and plaintiff as to the ownership or possession of this automobile at the time this suit was filed and none has existed since this suit was filed. To remove any question as to this, this defendant here and now, as above set out, disclaims all right of every character as to said automobile."

The trial court sustained the plea of privilege of Ray Woods Automobile Company, but overruled the plea of R. E. Martin, who thereupon appealed to this Court.

The appellant relies primarily upon Morris Plan Bank of Fort Worth v. Ogden, 144 S.W.2d 998, 1003, by the Fort Worth Court of Civil Appeals, which involved venue exception 14. It was stated in the opinion that:

"On July 18th, 1939, when his suit was filed, plaintiff had a good cause of action to remove cloud from title, and jurisdiction of the court then attached for that purpose. On the hearing of the plea of privilege, plaintiff had the burden of proof to show

that his title was then clouded, as alleged in his plea, and his right to have the same removed by decree of court. But his right to that relief had then become moot, by defendant's release of the levy, and its determination by the court was no longer necessary. And plaintiff having failed to plead or prove any damages to the land, by reason of the wrongful levy, there was no longer any necessity for keeping the case on the docket of the district court of Harrison County. If that hearing had been a trial of the merits of plaintiff's suit, manifestly judgment would have been rendered against him. But as venue was the only issue before the court, the plea of privilege should have been sustained."

Appellee seeks to distinguish the case cited from the case at bar on the ground that in the Morris Plan Bank case the plaintiff failed to show damages to the land, while in the present case appellee's "action was brought to recover title and possession of personal property located in Jim Wells County, Texas, as well as damages." In support of his contention, appellee cites Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, an exception 14 case, which holds that a disclaimer of title to the land involved can not relieve a defendant of liability for trespass or damage to the land, and that an action for such damages may be maintained in the county where the land is situated, independently of a suit for the title to said land.

Cowden v. Cowden does not control this case. Exception 14 reads as follows:

"Lands.—Suits for the recovery of lands *or damages thereto,* or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie." (Italics ours.)

The personal property venue exception (No. 10) does not provide that suits for damages to personal property must or may be brought in the county where the property is situated. In fact, appellee's "damage suit" can hardly be characterized as a suit for damages to personal property. However that may be, it is apparent that the only basis for the contention that ap-

pellee's "suit for damages" can be maintained in Jim Wells County is that it is joined with a cause of action for the recovery of personal property. 43 Tex.Jur. 771, § 51.

The recognition of a disclaimer as affecting venue is not a new development in Texas. Martin v. Robinson, 67 Tex. 368, 3 S.W. 550. The effect of the disclaimer here was to render moot the claim asserted by appellee for title and possession of the automobile. The claim for damages could not be tied onto a moot cause for the purpose of maintaining venue in Jim Wells County. The rule permitting joinder of actions does not encompass moot claims.

The order of the trial court is reversed. Appellant's plea of privilege is sustained. The cause is remanded and the trial court is directed to enter an order severing the cause of action for damages asserted by appellee from his claim to the title of the automobile and changing the venue of said cause of action for damages to the District Court of Erath County.

Reversed and remanded with instructions to render judgment.