Mrs. Ulma Diemer STEWART, Appellant,

v.

B. F. WHITWORTH, Appellee.

No. 15611.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 23, 1970.

Rehearing Denied May 21, 1970.

W. H. Betts, Hempstead, for appellant.

Cox, Evans, Pakenham & Roady, Joe G. Roady, Houston, for appellee.

PEDEN, Justice.

Venue matter. Plaintiff, Mrs. Stewart, appeals from the trial court's granting of a plea of privilege filed by one of the defendants, Mr. B. F. Whitworth, severing her cause of action against him and transferring it to Jasper County, the county of his residence. Venue as to the plaintiff's suit against the other parties defendant, Mr. and Mrs. T. B. Hull and Mrs. C. O. Bracey, was retained in Waller County.

Mr. Whitworth, the appellee, was first made a party defendant in plaintiff's first amended petition; it was filed on April 25, 1969. In that petition the plaintiff alleged that in the summer of 1962 the Hulls and Mrs. Bracey, who will be called the "Hull defendants", represented to the plaintiff, a woman then in her seventies and in an uncertain state of health, that they would respond to her need to have someone living in her house with her on the property in question in Waller County, caring for her and providing companionship, assistance and aid for the rest of her life. That they falsely promised to provide these services and thus wrongfully induced her to pay $5,000. to Mrs. Hull and to execute, acknowledge and deliver a deed to the property in question to her attorney, the appellee, in trust on January 12, 1963, containing a recital that Mr. Whitworth should "carry out the purposes for which this deed is made, such purposes being known to him and in accordance with instructions I have given him."

Such petition further alleged that the terms and conditions of the conveyance in trust to Mr. Whitworth were that if the Hull defendants fully performed all their promises to the plaintiff for the remainder of her life, the appellee was to deed the property in question to Mrs. Hull. That the purposes of the deed in trust had failed, so the plaintiff was entitled to have it cancelled and nullified. Further, that a purported deed bearing the date December 3, 1964 and purporting to be a conveyance of the real property in question from the plaintiff to Mrs. Hull has been recorded in the Deed Records of Waller County. That the plaintiff was entitled to recover from the Hull defendants the reasonable value of their occupancy of the property in question from June 1, 1962 to the present time less the reasonable value of the services they rendered from June 1, 1962 to April 1, 1965.

In this first amended petition the plaintiff then alleged, in the alternative, that in the event it should be determined that she was not entitled to have the two deeds in question cancelled and all clouds cast on her title to the lands removed, and should it be found that she executed and delivered

the deed dated December 3, 1964, then she should recover damages from Mr. Whitworth, alleging that as her attorney he had not properly protected her interests in her dealings with Mrs. Hull.

On June 25, 1969, Defendant Whitworth filed a plea of privilege to be sued in Jasper County. The other parties defendant have not filed pleas of privilege.

The plaintiff filed an amended controverting plea on July 24, 1969, in which she referred to her first amended petition and alleged that the provisions of Subdivisions 14 and 29a of Art. 1995, Vernon's Ann.Civ. St., govern venue in this case. Further, that the Hull defendants claimed and asserted some interest in the Waller County lands in question under the deed to Whitworth given in trust on January 12, 1963, and that Whitworth is still holding such title or interest conveyed by said deed in trust, if any. That Whitworth is a necessary party.

The appellee concedes that the plaintiff's first amended petition, not all of which is here noticed, contained allegations of sufficient facts to bring this suit within the provisions of Subdivision 14 of Article 1995, Vernon's Civil Statutes, as to all defendants. Subdivision 14 provides: "Lands.—Suits for recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

On July 29, 1969 the appellee filed, subject to his plea of privilege, a pleading styled "Defendant's Disclaimer and Answer," the first paragraph of which stated:

"Defendant, B. F. Whitworth would show the Court that the deed dated January 12, 1963, in which he is named grantee, in trust, was never delivered in manner to make it effective as conveyance, but was delivered conditionally, to be effective under circumstances which can now never occur, to wit, that the plaintiff herein should become incapacitated or die, without having first executed a general warranty deed to the property sued for herein naming therein Helen Bracey Hull as grantee. The general warranty deed has been executed by Mrs. Stewart, has been delivered to Mrs. Hull and has been placed of record. The deed in trust has not been recorded and operated to pass no title to me in any capacity. I herewith enter my disclaimer of any interest in the subject property in any capacity, whether by and through such deed in trust or any other circumstance of whatsoever nature, saying that I have and claim utterly no interest in said property."

The plaintiff filed her third amended petition on September 19, 1969. In it she alleged that B. F. Whitworth has failed and refused to reconvey to the plaintiff the title to plaintiff's land received by him through the deed in trust dated January 12, 1963 and has abandoned or repudiated his trusteeship. She alleged that such deed in trust casts a cloud on her legal title to the lands in question and asked that the deed in trust be cancelled and nullified or that Defendant Whitworth be required to reconvey to her all right, title and interest he may have acquired by reason of the deed in trust. She alleged, in the alternative, that she is entitled to recover $36,720. in damages from defendant Whitworth for his alleged failure to properly protect her interests from the other defendants.

At the venue hearing the parties stipulated that the land in question was situated in Waller County and that the plaintiff acquired the title to it in 1955.

The plaintiff offered in evidence her first amended petition. The appellee objected to encumbering the record by pleadings, because all of them were before the court. The trial judge sustained the objection to the first amended petition and stated that he would decide the case on the current pleadings, not considering any

which had been amended or abandoned. He also excluded the plaintiff's original and her amended controverting pleas. The three excluded pleadings are before us in bills of exception. The plaintiff then rested.

Appellee then called the trial court's attention to his disclaimer, stated that the other defendants have, in response to interrogatories, said they claim no title under the trustee deed, stated that the plaintiff offered no proof in support of her assertion that Subdivision 29a was applicable, asked that the court take judicial knowledge of its records and stated that those records show that there is no controversy between the plaintiff and Whitworth in that Whitworth agrees that the plaintiff is entitled to the land.

The trial judge announced that he sustained the appellee's plea of privilege and in doing so relied on the plaintiff's third amended petition, the plea of privilege, the controverting plea and the disclaimer.

He made and filed the following findings of fact:

"Upon the trial of the plea of privilege filed by defendant B. F. Whitworth to be sued in the county of his residence, stated in such plea to be Jasper County, Texas, no evidence was received. The parties stipulated that plaintiff acquired title to the land in question in 1955. Said land is in Waller County, Texas.

"The only evidence offered were certain pleadings on file, which were, upon objection, excluded from evidence by the Court upon the ground that all relevant pleadings and other file documents are judicially known to the Court and are before the Court for any proper consideration.

"From the pleadings, the Court finds that defendant, B. F. Whitworth, individually and as Trustee or any other capacity, has disclaimed herein any and all interest which was alleged by plaintiff to have been given by deed to the said B. F. Whitworth, Trustee, by deed dated January 12, 1963. Further, the sworn allegation in the plea of privilege of the said B. F. Whitworth, that he is a resident of Jasper County, Texas, being unrebutted, is presumptively true, and the Court finds that B. F. Whitworth is a resident of Jasper County, Texas."

He also made and filed these conclusions of law:

"Venue in Waller County concerning an action to recover land, or remove cloud from title, attempted to be maintained against defendant B. F. Whitworth under Subdivision 14 of Article 1995, R.C.S.Texas, was, because of the disclaimer filed by the said B. F. Whitworth, not sustainable at the time of the hearing.

"The plaintiff has not proved facts to sustain venue in Waller County under Subdivision 29a of Article 1995, R.C.S. Texas.

"The plea of privilege filed by B. F. Whitworth should, as a matter of law, be sustained, and the cause as to the said B. F. Whitworth transferred to Jasper County, Texas."

The appellant's first point of error is: "The trial court erred in refusing to admit in evidence the petition of appellant to show the nature of this suit, and in refusing to consider the same in determining the venue facts existing at the time appellee was made a party defendant herein."

Her fifth point is:

"The trial court erred in sustaining appellee's plea of privilege because the lands constituting the subject matter of appellant's suit are admittedly situated in Waller County, Texas, and plaintiff's petitions conclusively show that this is a suit to set aside conveyances and remove clouds from title to plaintiff's said lands and to recover rents and damages."

▇▇▇ The venue hearing was held before the court without a jury. The nature

of the suit is a venue fact in this case. It was not necessary to admit the plaintiff's first amended petition in evidence in order that the trial judge might consider it, because the courts take judicial notice of the contents of the pertinent pleadings, but it was error to decline to consider that pleading. We must next decide whether this probably caused the court to render an improper decision on the venue matter.

█ The general rule is that under exception 14 the plaintiff merely has to prove that his suit is one for title to real estate or damages thereto and that such land is situated in the county of suit; the former venue fact is usually proved by introduction of the plaintiff's petition by which the defendant who claims his privilege was made a party.

An exception to that general rule was pointed out in Section 4.22.5 of 1 McDonald, Texas Civil Practice (1965): "On the venue hearing, the nature of the suit ordinarily will be determined by reference to the petition; though when the plaintiff's pleading or the defendant's showing indicates that an apparent incumbrance or cloud has been removed before the venue hearing, the plaintiff must show by extrinsic evidence that the incumbrance or cloud still impairs his title at the date of the hearing." Citing Morris Plan Bank of Ft. Worth v. Ogden, 144 S.W.2d 998 (Tex.Civ. App. 1940, no writ), and, in accord, Dossey v. Oehler, 359 S.W.2d 624 (Tex.Civ.App. 1962, writ ref., n. r. e.), holding that the trial court had not erred in sustaining a defendant's plea of privilege, although the nature of the case clearly brought it within Subdivision 14, where the defendant claiming venue had disclaimed any interest in the land.

In the Morris Plan Bank case, supra, the court stated 144 S.W.2d on page 1003:

"On the hearing of the plea of privilege the only evidence offered by plaintiff to prove cloud of title and damages to his land was proof of his title thereto,

its location in Harrison County, wrongful levy of the execution, and the sheriff's advertisement of sale. No evidence was offered to support his claim of the special damages alleged in his petition. Moreover, it is apparent from the face of that pleading that those special damages were not damages to the land recoverable under Exception 14 of the statute, and therefore no evidence to prove them could properly have been admitted, in any event.

"It follows, therefore, that the venue of the suit was properly laid in Harrison County, for removal of cloud, and that proof of the facts necessary to show the wrongful levy was sufficient to support the controverting plea for that relief. But plaintiff failed to support his plea for damages to the land growing out of the levy by any competent evidence.

"On July 18th, 1939, when his suit was filed, plaintiff had a good cause of action to remove cloud from title, and jurisdiction of the court then attached for that purpose. On the hearing of the plea of privilege, plaintiff had the burden of proof to show that his title was then clouded, as alleged in his plea, and his right to have the same removed by decree of court. But his right to that relief had then become moot, by defendant's release of the levy, and its determination by the court was no longer necessary. And plaintiff having failed to plead or prove any damages to the land, by reason of the wrongful levy, there was no longer any necessity for keeping the case on the docket of the district court of Harrison County."

In accord is the opinion written by Justice James R. Norvell when he was a member of the San Antonio Court of Civil Appeals in the case of Martin v. Powell, 209 S.W.2d 369 (1948, no writ).

"The recognition of a disclaimer as affecting venue is not a new development in Texas. Martin v. Robinson, 67 Tex. 368, 3 S.W. 550. The effect of the

disclaimer here was to render moot the claim asserted by appellee for title and possession of the automobile. The claim for damages could not be tied onto a moot cause for the purpose of maintaining venue in Jim Wells County. The rule permitting joinder of actions does not encompass moot claims."

■ In neither her first amended petition nor her third amended petition does the plaintiff in our case seek to recover from the appellee for damages to the land which are recoverable under Subdivision 14. She does not allege that he damaged or invaded or injured the property in question but seeks to recover money damages from him for his alleged failure to protect her as her attorney.

We hold that the error of the trial court in declining to consider the plaintiff's first amended petition was harmless.

■ We think the holding in Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945), that the defendant's disclaimer in a trespass to try title case did not defeat venue as to land in the county of the suit may be distinguished on the facts. The Supreme Court held in that case that the defendant could disclaim rights of title and possession but not the fact of possession and rents and damages to the land resulting therefrom. In our case the plaintiff made no claims against Whitworth for possession or for rents or damages to the land therefrom.

We conclude that the disclaimer was effective and that neither the plaintiff's first nor her third amended petition contained any allegations which would require that venue be retained in Waller County under exception 14. We overrule the first and fifth points of error.

The appellant's second point of error is that the trial court erred in admitting and considering the "Answer and Disclaimer" of the appellee and in thereon sustaining his plea of privilege, and her third point is that the appellee waived his plea of privi-

lege by urging the court to consider the non-venue issues it contained.

In support of his venue order, it was not necessary for the trial judge to consider more of the appellee's "Answer and Disclaimer" than its last sentence, which stated: "I herewith enter my disclaimer of any interest in the subject property in any capacity, whether by and through such deed in trust or any other circumstance of whatsoever nature, saying that I have and claim utterly no interest in said property," and we find no basis in the record to presume, as appellant urges, that the trial judge did consider the other assertions in that pleading and tried the merit issue of whether or not a delivery of the December 3, 1964 deed to Mrs. Hull was made by or under the authority of the appellant. We overrule the second point.

■ As to her third point of error, we hold that by urging his disclaimer the appellee did not waive his plea of privilege. It did not constitute an affirmative action invoking the general jurisdiction of the court in a manner which negatived a continuing intent to insist upon the plea. 1 McDonald, Texas Civil Practice, Sec. 4.40, Waiver (III).

■ A disclaimer is not deemed an answer, and it is not a defensive plea. Herring v. Swain, 84 Tex. 523, 19 S.W. 774 (1892); Haltom v. McKinley, 64 S.W.2d 1060, 1066 (Tex.Civ.App.1933, writ dism.).

■ Appellant's fourth point is:

"The 'Answer and Disclaimer' of appellee does not constitute an effective disclaimer and/or venue fact because the same is not contained in appellee's plea of privilege; the same is not verified by appellee; and does not contain an unqualified, absolute and effective admission of appellant's title and interest in the subject land."

We overrule this point. It is true that the appellee's disclaimer is not verified, but no Texas case has been cited to us holding

that a disclaimer is ineffective unless verified, and we have found none. We have already noted that we consider the disclaimer to be an effective one. Considered alone in connection with the plaintiff's first or third amended petition, it entitles her to have judgment rendered against Whitworth for cancellation of the deed in trust. Haltom v. McKinley, supra. We find no requirement in Texas law that a disclaimer be contained in a plea of privilege in order to defeat a Subdivision 14 venue claim.

Appellant's sixth point states:

"The trial court abused its discretion, to appellant's prejudice, and erred in finding and holding that the causes of action asserted herein by appellant against the appellee are severable of and from the causes of action herein asserted by appellant against appellee's co-defendants herein: and in severing such causes of action."

This point is also overruled. Rule 89, Texas Rules of Civil Procedure, applies to the transfer of a cause which is severable as to parties defendant but not ordered transferred as to all of them.

Appellant argues that since her first amended petition asserts a joint and several cause of action against the appellee and the other defendants below or asserts a cause of action against all of them, by concert or otherwise, which has produced indivisible injuries to the appellant which cannot be apportioned with reasonable certainty, the trial court abused its discretion in severing the cause against Whitworth from that against the other defendants, citing Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731 (1952) as authority. She does not refer to any subdivision of the venue statute in support of this point.

The Landers case did not involve the venue statute. We hold that the trial court properly severed the cause against Whitworth following the principle stated in Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65, 69 (1942):

"The established rule as to transferring a cause when the plea of privilege of one of several defendants is sustained is stated by Chief Justice Alexander, when Justice of a Court of Civil Appeals, in Johnson v. First National Bank of Brenham, Tex.Civ.App., 42 S.W.2d 870, 871 as follows: 'The rule seems to be that, where one of several defendants files a plea of privilege to be sued in the county of his residence, and the plea is sustained, if the cause of action is a joint action growing out of joint liability of all the defendants, the suit must be transferred as an entirety to the county of the residence of the defendant whose plea is sustained. On the other hand, if the cause of action against the several defendants is severable, or joint and several, the court should retain jurisdiction over the action in so far as it concerns the defendants whose pleas of privilege have not been sustained, and should transfer the suit in so far as it concerns the defendant whose plea is sustained.'"

Further, it has been noted that at the venue hearing the appellant offered no proof as to the counties of residence of the defendants. Her petitions uniformly alleged that Whitworth resided in Jasper County and that the other defendants resided in Austin County. Subdivision 4 of Art. 1995 is inapplicable, since none of the defendants reside in Waller County.

" * * * a plaintiff who relies on Subdivision 29a to maintain venue of a defendant in the county of suit must not only allege facts which make such defendant a necessary party to the suit within the meaning of that subdivision, but must also prove by independent evidence all of such facts except those which are taken as admitted under the pleadings or which are established as a matter of law by the allegations of the

**882**

petition." Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956).

" * * * where a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties." Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944).

We hold that the appellant has not established that Whitworth was a necessary party.

The order of the trial court is affirmed.