Mrs. F. Hastings PANNILL, Appellant,

v.

GOVERNING BOARD, the DAR House, the Freeman Plantation, the Texas Society Daughters of the American Revolution, et al., Appellees.

No. 8328.

Court of Civil Appeals of Texas, Texarkana.

May 4, 1976.

C. Leland Hamel, Houston, Fred Erisman, Longview, for appellant.

Joe Lovelace, Linden, Traylor Russell, Mount Pleasant, J. R. Cornelius, Jefferson, for appellees.

RAY, Justice.

This is a venue case. Appellees (plaintiffs), The Governing Board, The Texas Society, Daughters of The American Revolution, Inc., acting through its elected board members, brought suit against appellant (defendant), Mrs. F. Hastings Pannill, State Regent, The Texas Society, Daughters of the American Revolution, Inc.; The Texas Society, Daughters of the American Revolution, Inc., Mrs. Jesse M. DeWare III, Jesse M. DeWare IV and Diane Ellen DeWare, seeking to have the deed to the Freeman Plantation cancelled and set aside. Mrs. Pannill had executed a deed in her capacity as State Regent, conveying the Freeman Plantation in Marion County, Texas, to the DeWares. Appellant Pannill filed her plea of privilege to be sued in the county of her residence, Midland County. The trial court considered the plea of privilege and held that Marion County was the proper place of venue in this case as it relates to Mrs. Pannill individually. The judgment of the trial court is reversed and the case as it relates to Mrs. Pannill individually is ordered transferred to Midland County, Texas.

An examination of plaintiff's third amended original petition does not make it clear that Mrs. F. Hastings Pannill has been

sued individually, but on the contrary, it appears that she has been sued only in her capacity as the State Regent. Appellees' pleadings state, "Plaintiffs would show that on April 26, 1975, the Texas Society acting by and through Mary G. Pannill, who is one and the same as Mrs. F. Hastings Pannill, State Regent, executed and delivered to the Defendants . . .," the DeWares, for a recited consideration, and whatever the document was that was executed and delivered was not named. However, the petition recites that whatever was done was done by Mrs. Pannill in her capacity as State Regent of The Texas Society. Other references in the petition are to things done by Mrs. Pannill as State Regent. Because the parties have treated the petition as though it made Mrs. Pannill individually a party defendant, we will likewise so treat her. However, an examination of the pleadings does not reveal that any cause of action was alleged against Mrs. Pannill individually nor was there any relief sought against her individually. The thrust of the petition is for the cancellation of the deed and that title and possession of the premises be restored to and invested in The Texas Society, Daughters Of The American Revolution, Inc. Mrs. Pannill does not present a point of error complaining of the trial court's failure to dismiss her as a party defendant. All of appellant's points of error are related to the overruling of the plea of privilege.

Appellees state that Mrs. Pannill ". . . was made and is a necessary party as such to this litigation in her capacity as State Regent, not as an individual." Mrs. Pannill has disclaimed any ownership in any of the property involved in this suit. The evidence establishes that she did not own any interest in the property at the time the conveyance was made nor did she own or claim any interest in the property when the plea of privilege was heard.

Appellant's second point of error asserts that appellees failed to establish any cause of action against appellant for the recovery of land or for damages to land under Subdivision 14 of Article 1995, V.A.T.S. and therefore the trial court erred in overruling appellant's plea of privilege. We agree.

*Stewart v. Whitworth,* 453 S.W.2d 875 (Tex. Civ.App. Houston 1st Dist. 1970, writ dism'd). The proof at the hearing failed to establish that Mrs. Pannill was asserting title to the real property or that she had damaged the real property in her individual capacity.

Appellant's point of error No. 2 is sustained.

Appellant's point of error No. 3 is sustained. There was no proof that Mrs. Pannill was claiming or had claimed any personal interest in any of the personal property involved in this lawsuit.

Point of error No. 4 relates to Subdivision 23, of Article 1995. Subdivision 23 establishes venue rules for corporations and is not applicable to Mrs. Pannill individually. Point of error No. 4 is sustained. Point of error No. 5 relates to Subdivision 29a of Article 1995, V.A.T.S. and such subdivision is not applicable in this case because some of the defendants reside in Marion County. Subdivision 29a is applicable only in those cases in which it is established that all of the defendants reside out of the county of suit. *Houseman v. Mahin,* 390 S.W.2d 732 (Tex. 1965). Appellant's fifth point of error is sustained.

Point of error No. 6 relates to Subdivision 4 of Article 1995, V.A.T.S. In order to have maintained venue under this subdivision it was incumbent upon appellees to establish a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendants so intimately connected with the cause of action against the nonresident defendant that the two might be joined together in order to avoid a multiplicity of suits. No cause of action was alleged against Mrs. Pannill individually, nor was one proved. Neither was a cause of action alleged against a resident defendant so intimately connected with Mrs. Pannill as to require her joinder to avoid a multiplicity of suits. The proof does not establish a prima facie case in this regard. The admission by appellees in their brief that she is not a necessary party in her individual capacity authorizes us to sus-

tain appellant's points of error 6 and 7 and additionally point of error No. 1.

The citations have not been included in the transcript of this case so we are unable to determine in what capacity Mrs. Pannill was served, that is, whether she was served in her capacity as State Regent or in her capacity as an individual, or in both capacities. As to appellant, Mrs. F. Hastings Pannill, individually, the judgment of the trial court overruling her plea of privilege is reversed and judgment is here rendered that the case, as it relates to Mrs. Pannill individually, be transferred to Midland County, Texas.

CORNELIUS, C. J., not participating.