**IN RE STROUD OIL PROPERTIES, INC. and Stroud Investments 2001, Ltd.**

No. 10–02–134–CV.

Court of Appeals of Texas, Waco.

Aug. 21, 2002.

**20**

F. Franklin Honea, Winstead, Sechrest & Minick, P.C., Dallas, Jay B. Goss, Bruchez, Goss, Thorton, Meronoff & Hawthorne, P.C., Bryan, for appellant/relator.

Walker C. Friedman, Christian D. Tucker, Friedman, Suder & Cooke, P.C., Ft. Worth, Wayne T. Rife, West, Webb, Allbritton, Gentry & Rife, College Station, for appellee/respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Stroud Oil Properties, Inc. and Stroud Investments 2001, Ltd. (collectively, "Stroud") filed suit against Predator Development Company, L.L.C. in a Brazos County district court alleging various claims under a joint development agreement. Respondent, the Honorable Rick Davis, Judge of the 272nd District Court of Brazos County, granted Predator's motion to transfer venue to Tarrant County. Stroud contends that venue is mandatory in Brazos County because its suit seeks to remove an encumbrance (the joint development agreement) from its title under an oil and gas lease and to quiet its title under the lease. Stroud asks this Court to issue a writ of mandamus under section 15.0642 of the Civil Practice and Remedies Code compelling Respondent to set aside the venue order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (Vernon Supp.2002).

## BACKGROUND

The parties entered the joint development agreement at issue in October 2000. The agreement provided that Predator would identify prospects in the Austin Chalk formation in Brazos and surrounding counties and acquire leases for those prospects approved by Stroud. Predator agreed to "use its best reasonable efforts to generate Prospects." Stroud agreed in turn "to use its best reasonable efforts to drill horizontal wells on the Prospects in the most expeditious manner commensurate with Predator's generation of Prospects." The agreement defined the respective working interests of the parties in the prospects.

Paragraph 6(D) of the agreement provided the following remedies if either party failed to meet its obligations.

*Remedies.* If Predator fails to propose Prospects in accordance with the subparagraph A.ii. above or if Stroud fails to adhere to the drilling schedule set out in subparagraphs B.iii. or B.iv. above (or if Stroud is in arrears with respect to payment of the Prospect Fee for six proposed Prospects meeting the Criteria at one time) then such party (the "Defaulting Party") shall be in default hereunder. In such event, the other party (the "Non–Defaulting Party") may give the Defaulting Party written notice of the default and the Defaulting Party shall have 15 days following receipt of such notice within which to cure the default. If the Defaulting Party fails to cure the default within the 15–day period, the Non–Defaulting Party shall have the right to terminate this Agreement. In the event of such termination, (a) the Non–Defaulting Party shall be free to develop the Joint Development Area free from the provisions hereof, (b) the Defaulting Party and its affiliates shall be prohibited from conducting or partici-

pating in oil and gas operations within the Joint Development Area or acquiring leases within the Joint Development Area for a period equal to the term set forth in the following paragraph and (c) the Defaulting Party shall assign to the Non–Defaulting Party all of its interest in leases within any then undrilled Prospects.

The agreement provides for a four-year term "[u]nless earlier terminated."

Stroud filed its original petition in December 2001. The original petition concerns "the Wood Prospect" in Brazos County which Predator allegedly proposed for development under the agreement. Stroud agreed and paid the required prospect fee. Predator subsequently determined that it could not acquire leases for this prospect. Under the terms of the agreement, Predator then had an obligation to proffer a substitute. Stroud alleged that Predator breached the contract by failing to provide a substitute prospect. Stroud contended that venue was proper in Brazos County under the general venue statute. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.002(a)(1) (Vernon Supp.2002) (providing for venue "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred").

Stroud filed its first amended petition two weeks later. In this pleading, Stroud alleged that the parties had agreed to sufficient prospects under their agreement.[1] Stroud contended that Predator breached the parties' agreement because it "retained interests in the assignments greater than [those to] which it was entitled." Stroud alleged causes of action for breach of con-

tract, fraud, specific performance, and declaratory relief. Stroud averred that venue was mandatory in Brazos County under section 15.011 of the Civil Practice and Remedies Code because it sought "recovery of interests in real property, to remove encumbrances from the title of real property, for recovery of damages to real property, and to quite title to real property, and a part of such real property is located in Brazos County." *Id.* § 15.011 (Vernon Supp.2002).

Predator filed a motion to transfer venue in January 2002. Predator denied that venue was mandatory or proper in Brazos County. Regarding mandatory venue[2] under section 15.011, Predator contended that Stroud is:

not seeking to recover an interest or estate in real property located in Brazos County, to partition real property located in Brazos County, to remove encumbrances from the title of real property located in Brazos County, to recover damages to real property located in Brazos County, or to quite title to real property located in Brazos County. Instead, to the extent that any real property located in Brazos County is even involved in this lawsuit, such real property is involved only incidentally and not directly.

Predator also explained its contentions that proper venue lies in Tarrant County and that Brazos County is an inconvenient venue. Predator asked Respondent to transfer the suit to a district court in Tarrant County.

Stroud filed its second amended petition and a response to Predator's motion to transfer venue in February 2002. Stroud's

---

1. Stroud wholly abandoned the allegations regarding "the Wood Prospect" in its first amended petition.

2. Because our mandamus jurisdiction extends to only the mandatory venue issue, we do not discuss at any length Predator's other venue allegations or challenges. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.0642 (Vernon Supp.2002).

second amended petition contains additional venue allegations. Stroud specifically alleges in this pleading that the joint development agreement:

> constitutes an encumbrance upon Stroud's title to the oil and gas leasehold interests it owns in the Contract Area of the Joint Development Agreement situated in Brazos, Burleson, Lee and Fayette Counties, Texas, including that certain Partial Assignment of Oil, Gas and Mineral by and between Stroud Oil Properties, Inc[.] as assignee, and Menard Energy Corp., assignor, covering lands situated in Brazos County, Texas. That is, the Joint Development Agreement, on its face, especially paragraphs 4 and 6D and Article III and Article Viii on [sic] its Joint Operating Agreement (referred to therein), encumbers any interests in an oil and gas leases [sic] within the Contract Area which any party thereto may acquire. This litigation is brought in part to remove such encumbrances from Stroud's title to leasehold interest in the Contract Area, including Brazos County, and to quiet title to such interests.

Stroud added a "quiet title" cause of action in its second amended petition in which it requests that the trial court "remove the Joint Development Agreement as an encumbrance upon Stroud's title." Stroud included a similar request in its prayer for relief.

Stroud provided a copy of the partial assignment of an oil, gas and mineral lease (referenced in its second amended petition) as an attachment to an affidavit filed in support of its response to Predator's motion to transfer venue. The assignor Menard Energy Corporation executed the assignment on January 17, 2002. The assignment conveys to Stroud an interest in an oil, gas and mineral lease (hereinafter, the "mineral interests") covering 1,123.6 acres of land in Brazos County "from the surface of the earth to the base of the Austin Chalk Formation." Menard reserved a twenty percent working interest in the lease.

Predator filed a reply to Stroud's response in April 2002. Predator complained that Stroud did not own the interests identified in its second amended petition at the time Stroud filed suit. Predator alleged that the joint development agreement does not constitute an encumbrance on Stroud's mineral interests because: (1) Predator has not asserted any claim to the mineral interests under the agreement; (2) Predator filed a disclaimer of any interest in Stroud's mineral interests; and (3) Stroud's mineral interests do not constitute a "prospect" as defined by the agreement and thus the agreement does not apply to the lease.

Respondent signed an order granting Predator's motion to transfer venue on April 15, 2002. Respondent did not specify the basis for his ruling.

## PERTINENT AUTHORITIES

"A plaintiff's choice of venue stands unless challenged by proper motion to transfer venue." *In re Missouri Pac. R.R.*, 998 S.W.2d 212, 216 (Tex.1999) (orig.proceeding). To constitute a "proper motion to transfer venue," the motion must specifically deny the venue facts pleaded by the plaintiff. *See* Tex.R. Civ. P. 87(3)(a); *GeoChem Tech. Corp. v. Verseckes*, 962 S.W.2d 541, 543 (Tex.1998); *Sanes v. Clark*, 25 S.W.3d 800, 803 (Tex. App.-Waco 2000, pet. denied); *Maranatha Temple, Inc. v. Enterprise Prods. Co.*, 833 S.W.2d 736, 740 (Tex.App.-Houston [1st Dist.] 1992, writ denied).

If the defendant specifically denies any of the venue facts pleaded by the plaintiff, the plaintiff must make *prima*

*facie* proof of the venue fact(s) denied. *See* Tex.R. Civ. P. 87(2)(b), (3)(a); *Missouri Pac. R.R.,* 998 S.W.2d at 216. If the defendant fails to specifically deny any of the pleaded venue facts, they are taken as true. *See* Tex.R. Civ. P. 87(3)(a); *Geo-Chem Tech. Corp.,* 962 S.W.2d at 543; *Sanes,* 25 S.W.3d at 803.

■ Rule of Civil Procedure 87(3)(a) provides the requisites for making *prima facie* proof:

> *Prima facie* proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading. Affidavits shall be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify.

Tex.R. Civ. P. 87(3)(a). "The plaintiff's *prima facie* proof is not subject to rebuttal, cross-examination, impeachment, or disproof." *Missouri Pac. R.R.,* 998 S.W.2d at 216.

■ At a venue hearing, the trial court determines the motion "from the pleadings and affidavits." Tex. Civ. Prac. & Rem.Code Ann. § 15.064(a) (Vernon 1986); *see also* Tex.R. Civ. P. 87(3)(b) (trial court makes venue determination "on the basis of the pleadings, any stipulations made by and between the parties and such affidavits and attachments as may be filed by the parties"). The pleadings on which the court makes this determination are the live pleadings on file at the time of the hearing. *See Nabors Loffland Drilling Co. v. Martinez,* 894 S.W.2d 70, 73 (Tex.App.-San Antonio 1995, writ denied); *Accent Energy*

*Corp. v. Gillman,* 824 S.W.2d 274, 277 (Tex.App.-Amarillo 1992, writ denied); *Moriarty v. Williams,* 752 S.W.2d 610, 611 (Tex.App.-El Paso 1988, writ denied).

The trial court determines venue "based on the facts existing at the time the cause of action that is the basis of the suit accrued." Tex. Civ. Prac. & Rem.Code Ann. § 15.006 (Vernon Supp.2002). In a suit involving multiple claims, if one claim is subject to a mandatory venue provision, "the suit shall be brought in the county required by the mandatory venue provision." *Id.* § 15.004 (Vernon Supp.2002).

■ Section [3] 15.0642 authorizes a party to seek a writ of mandamus from an appellate court "to enforce the mandatory venue provisions of [chapter 15 of the Civil Practice and Remedies Code]." *Id.* § 15.0642.

> [T]he focus of a mandamus proceeding under section 15.0642 is whether the trial court abused its discretion. The trial court has no discretion in determining the legal principles controlling its ruling or in applying the law to the facts. A trial court does not have the discretion to make an erroneous legal conclusion even in an unsettled area of law. Therefore, we review in th[is] case[] whether the trial court[] failed to analyze or apply the law correctly....

*Missouri Pac. R.R.,* 998 S.W.2d at 216 (footnotes omitted); *accord In re Continental Airlines, Inc.,* 988 S.W.2d 733, 735 (Tex.1998) (orig.proceeding); *In re O'Quinn,* 77 S.W.3d 452, 456 (Tex.App.-Corpus Christi 2002, orig. proceeding). A petitioner need not establish the lack of an adequate legal remedy to prevail in a mandamus proceeding under section 15.0642. *See Missouri Pac. R.R.,* 998 S.W.2d at 216, *and compare Walker v. Packer,* 827

---

**3.** The term "section" as used hereinafter refers to a section of the Civil Practice and Remedies Code unless otherwise indicated.

S.W.2d 833, 840 (Tex.1992) (orig.proceeding) ("Mandamus will not issue where there is 'a clear and adequate remedy at law.'") (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984) (orig.proceeding)).

## SECTION 15.011

Stroud claims that mandatory venue lies in Brazos County under section 15.011 because the joint development agreement constitutes an encumbrance on its title to the Brazos County mineral interests it acquired in the January 2002 assignment. Predator responds that: (1) the trial court lacks subject matter jurisdiction over Stroud's "quiet title claim" because Predator has filed a disclaimer, which renders Stroud's quiet title claim moot; (2) the joint development agreement is not an encumbrance because Predator has not asserted any claim to Stroud's mineral interests; and (3) the joint development agreement does not apply to Stroud's mineral interests because the mineral interests do not constitute a "prospect" as defined by the agreement.

Section 15.011 provides in pertinent part, "Actions ... to remove encumbrances from the title to real property ... or to quiet title to real property shall be brought in the county in which all or a part of the property is located." *Id.* § 15.011. Although section 15.011 refers separately to suits "to remove encumbrances" and suits "to quiet title," they appear to be virtually indistinguishable.

The suits contemplated [by the venue statute[4]] must be suits of broader purpose, embracing suits founded even on equitable titles instituted to remove cloud from such title, and suits necessary, as occasion may require it, to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.

*Thomson v. Locke*, 66 Tex. 383, 388–89, 1 S.W. 112, 115 (1886); *accord Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex.App.-Beaumont 2000, pet. denied); *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex.Civ.App.-Waco 1980, writ ref'd n.r.e.); *see also* 5 FRED A. LANGE & ALOYSIUS A. LEOPOLD, TEXAS PRACTICE: LAND TITLES AND TITLE EXAMINATION § 1092 (2d ed. 1992).[5]

A plaintiff must allege two "venue facts" (and establish them by *prima facie* proof if specifically denied) to show that venue is mandatory under section 15.011:(1) that the nature of the suit fits within those listed in section 15.011; and (2) that all or part of the realty at issue is located in the county of suit. *See Piazza v. Phillips*, 153 Tex. 115, 117, 264 S.W.2d 428, 429 (1954); *Cowden v. Cowden*, 143 Tex. 446, 451, 186 S.W.2d 69, 71 (1945); *Stiba v. Bowers*, 756 S.W.2d 835, 839 (Tex. App.-Corpus Christi 1988, no writ); *Canales v. Estate of Canales*, 683 S.W.2d 77, 80 (Tex.App.-San Antonio 1984, no writ); 2 ROY W. MCDONALD & ELAINE GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 6.10 (Alois V. Gross, ed., 1992).

---

4. The venue statute in effect in 1886 provided in pertinent part, "suits for the recovery of land, or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet title to land and suits to prevent or stay waste on lands must be brought in the county in which the land, or a part thereof, may lie." *See Thomson v. Locke*, 66 Tex. 383, 386, 1 S.W. 112, 113 (1886) (quoting art. 1198(13) of the Revised Civil Statutes of 1879).

5. Lange and Leopold include suits to remove encumbrances and to quiet title together under section 1092, entitled "Suit to Remove Cloud or Quiet Title." *See* 5 FRED A. LANGE & ALOYSIUS A. LEOPOLD, TEXAS PRACTICE: LAND TITLES AND TITLE EXAMINATION § 1092 (2d ed. 1992).

■ We determine the nature of the suit by looking to the rights asserted in the plaintiff's petition and the relief sought therein. *See Renwar Oil Corp. v. Lancaster,* 154 Tex. 311, 313, 276 S.W.2d 774, 775 (1955); *Maranatha Temple,* 833 S.W.2d at 738; *Stiba,* 756 S.W.2d at 839; *Canales,* 683 S.W.2d at 80; 2 McDONALD & CARLSON, *supra,* § 6.11. The plaintiff need not "prove the merits of a cause of action, but the existence of a cause of action, when pleaded properly, shall be taken as established as alleged by the pleadings." TEX.R. CIV. P. 87(2)(b); *see also id.* 87(3)(a) ("no party shall ever be required for venue purposes to support by *prima facie* proof the existence of a cause of action or part thereof, and at the hearing the pleadings of the parties shall be taken as conclusive on the issues of existence of a cause of action.").

## APPLICATION

Stroud alleges in its second amended petition that it holds title to mineral interests in Brazos County by virtue of the January 2002 assignment of such interests by Menard Energy Corporation. Predator does not deny this allegation.

Stroud alleges that the joint development agreement constitutes an encumbrance on its title to these mineral interests. Stroud asks the trial court to remove the joint development agreement as an encumbrance and quiet its title to these mineral interests. Predator denies that the joint development agreement is an encumbrance on Stroud's mineral interests: (1) because it has filed a disclaimer; (2) because it has not asserted any claim to Stroud's mineral interests; and (3) because Stroud's mineral interests do not constitute a "prospect" as defined by the agreement.

Predator's contentions appear to go the merits of Stroud's quiet title claim. How-ever, Stroud's pleadings are conclusive on the existence of its cause of action. *See* TEX.R. CIV. P. 87(2)(b); 87(3)(a).

### THE DISCLAIMER

■ Predator claims that the trial court lacks subject matter jurisdiction over Stroud's quiet title claim because it has been rendered moot by the filing of the disclaimer. *See, e.g., Texas Dep't of Pub. Safety v. Ackerman,* 31 S.W.3d 672, 675 (Tex.App.-Waco 2000, pet. denied) ("if the controversy [is] moot, neither the trial court nor this court would have any jurisdiction over the issues involved"). It is true that Texas courts in the past consistently approved the use of a disclaimer as a legitimate means to render a plaintiff's quiet title claim moot and defeat the mandatory venue statute. *See, e.g., Pannill v. Governing Bd.,* 571 S.W.2d 336, 337 (Tex. Civ.App.-Texarkana 1976, no writ); *Stewart v. Whitworth,* 453 S.W.2d 875, 880 (Tex.Civ.App.-Houston [1st Dist.] 1970, writ dism'd); *Dossey v. Oehler,* 359 S.W.2d 624, 627–28 (Tex.Civ.App.-Eastland 1962, writ dism'd); *Martin v. Powell,* 209 S.W.2d 369, 371 (Tex.Civ.App.-San Antonio 1948, writ dism'd); *Morris Plan Bank v. Ogden,* 144 S.W.2d 998, 1003 (Tex.Civ. App.-Fort Worth 1940, no writ).

■ However, the Legislature in 1995 enacted section 15.006 which provides, "A court shall determine the venue of a suit based on the facts existing at the time the cause of action that is the basis of the suit accrued." TEX. CIV. PRAC. & REM.CODE ANN. § 15.006. A cause of action accrues "when facts have come into existence that authorize a claimant to seek a judicial remedy." *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 120 (Tex.2001).

■ "The principal issue in a suit to quiet title is as to the existence of a cloud that equity will remove." *Wright,* 26

S.W.3d at 578 (quoting *Bell,* 606 S.W.2d at 952). "Any deed, contract, judgment or other instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner." *Wright,* 26 S.W.3d at 578 (citing *Best Inv. Co. v. Parkhill,* 429 S.W.2d 531, 534 (Tex.Civ.App.-Corpus Christi 1968, writ dism'd)); *accord* 5 LANGE & LEOPOLD, *supra,* § 1092.

▪ Accordingly, a cause of action to quiet title accrues when: (1) any "instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof" is executed; [6] or (2) when a person acquires title to real property which appears to be subject to a previously-executed instrument of this type. Stroud's cause of action accrued when it obtained title to the mineral interests on January 17. Thus, any events occurring subsequent thereto, including Predator's execution of a disclaimer, are not pertinent to the venue inquiry. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.006.

▪ Procedurally, Predator's mootness claim is not a proper consideration for the venue inquiry notwithstanding section 15.006. Mootness is an issue of justiciability. *See Patterson v. Planned Parenthood of Houston & Southeast Tex., Inc.,* 971 S.W.2d 439, 442 (Tex.1998). "The constitutional roots of justiciability doctrines such as ripeness, as well as standing and mootness, lie in the prohibition on advisory opinions, which in turn stems from the separation of powers doctrine." *Id.* at 442–43 (citing TEX. CONST. art. II, § 1, art. IV, §§ 1, 22, art. V, § 8; *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 444 (Tex.1993)) (other citations omitted). Issues of justiciability "implicate[] subject matter jurisdiction." *Id.* at 442; *accord Ackerman,* 31 S.W.3d at 675. Such an issue should be raised by a plea to the jurisdiction or a motion for summary judgment.[7] *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000).

For the foregoing reasons, Predator's disclaimer is not effective to defeat Stroud's choice of venue.

## ASSERTION OF ADVERSE CLAIM

▪ Predator contends that venue is not mandatory in Brazos County because it has never asserted any claim against Stroud's mineral interests. Predator places reliance on the fact that it did not file the joint development agreement in the official records of Brazos County.

Predator cites the decision of the Supreme Court in *Yzaguirre v. KCS Resources, Inc.* for the proposition that mandatory venue will not lie under section 15.011 unless the defendant challenges the plaintiff's ownership of the property at issue. 53 S.W.3d 368 (Tex.2001). In *Yzaguirre,* the plaintiffs filed suit to recover mineral royalties under a lease. The parties disputed how the royalties were to be measured. They did not dispute the ownership of the royalty interests or the percentage of the royalty interests. *Id.* at 371.

---

6. An unrecorded instrument can constitute a cloud on title. *See Texan Dev. Co. v. Hodges,* 237 S.W.2d 436, 439 (Tex.Civ.App.-Amarillo 1951, no writ); *see also* 5 LANGE & LEOPOLD, *supra,* § 1092 ("Any claim or interest is adverse if it might cast a cloud on the title.").

7. Because Predator's mootness challenge applies to only one of Stroud's claims, it should be raised by a motion for partial summary judgment. *See City of Cleburne v. Trussell,* 10 S.W.3d 407, 410 (Tex.App.-Waco 2000, no pet.) ("sustaining a plea to the jurisdiction requires dismissal of the entire cause of action").

The plaintiffs characterized their suit as one "for recovery of . . . an . . . interest in real property." *Id.* The Court rejected this characterization however, holding that a claim for royalties is a claim to recover personalty. *Id.* (citing *Texas Oil & Gas Corp. v. Moore*, 630 S.W.2d 450, 452–53 (Tex.App.-Corpus Christi 1982, writ dism'd)). *Yzaguirre* has no application to Stroud's quiet title suit because it concerned a different cause of action (*i.e.*, an action for recovery of an interest in real property).

As already noted, a document need not be recorded to constitute a cloud on title. *See Texan Dev. Co. v. Hodges*, 237 S.W.2d 436, 439 (Tex.Civ.App.-Amarillo 1951, no writ); *see also* 5 LANGE & LEOPOLD, *supra*, § 1092 ("Any claim or instrument is adverse if it might cast a cloud on the title."). Moreover, the fact that Stroud or its lender recorded the joint development agreement is of no moment. For example, if a person conveyed land to another and financed the transaction, the grantor may choose to perfect his lien by executing a general warranty deed with vendor's lien. The purchaser may file the deed in the official records, but the vendor's lien would be a cloud on his title, regardless of who filed the instrument.

For these reasons, we hold that Predator's failure to assert a claim against Stroud's mineral interests under the joint development agreement does not defeat Stroud's choice of venue.

### THE AGREEMENT IS NOT AN ENCUMBRANCE

■ Finally, Predator avers that the joint development agreement on its face does not constitute an encumbrance on Stroud's mineral interests. As previously observed, "Any . . . instrument not void on its face that purports to . . . make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner." *Wright*, 26 S.W.3d at 578 (citing *Best Inv. Co.*, 429 S.W.2d at 534); *accord* 5 LANGE & LEOPOLD, *supra*, § 1092.

Paragraph 6(D) of the agreement provides in pertinent part, "In the event of such termination, . . . the Defaulting Party shall assign to the Non–Defaulting Party all of its interest in leases within any then undrilled Prospects." Stroud alleges that Predator has breached the agreement. Predator asserts in its counterclaim that Stroud has breached the agreement. Thus, the trial court must hear evidence to determine which is the "Defaulting Party" and which is the "Non–Defaulting Party."

Paragraph 6(D) requires the defaulting party to assign to the non-defaulting party "all of its interest in leases within any then undrilled Prospects." The agreement defines a "Prospect" in pertinent part as "a location of sufficient size to accommodate a horizontal well in the Austin Chalk formation." The agreement extends to the entirety of Brazos County. It cannot be ascertained from the face of the agreement whether the parties have any "undrilled Prospects" in Brazos County. Stroud's mineral interests are in a lease which covers 1,123.6 acres of land in Brazos County "from the surface of the earth to the base of the Austin Chalk Formation."

The above-quoted portion of Paragraph 6(D) appears to require the defaulting party to assign to the non-defaulting party any leasehold interest which it owns in an area covered by an undrilled prospect. It does not expressly limit itself to leases acquired by the parties to develop prospects under the agreement.

Accordingly, the trial court must hear evidence to determine whether Stroud's mineral interests are within an "undrilled prospect" and whether Paragraph 6(D) is

limited to leases acquired by the parties to develop prospects under the agreement.

The question of which party breached the agreement is in dispute. The trial court must hear evidence to determine that issue as well as the related issues regarding whether Paragraph 6(D) applies to Stroud's mineral interests if it is the defaulting party. Thus, the agreement is a cloud on Stroud's title to the mineral interests. *See Wright,* 26 S.W.3d at 578; *Best Inv. Co.,* 429 S.W.2d at 534; 5 LANGE & LEOPOLD, *supra,* § 1092.

## CONCLUSION

Predator does not deny that Stroud's mineral interests lie in Brazos County. Assuming without deciding that Predator specifically denied that Stroud's suit fits within the types of suits listed in section 15.011, we hold that Stroud made a sufficient *prima facie* showing that its claim falls within those covered by that statute. Accordingly, Respondent abused his discretion by sustaining Predator's motion to transfer venue. Therefore, we conditionally grant the requested writ of mandamus. The writ will issue if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has vacated the April 15, 2002 order sustaining Predator's motion to transfer venue.

Justice GRAY dissents.