The ATCHISON, TOPEKA AND SANTA
FE RAILWAY COMPANY,
Appellant,

v.

Candido H. SANCHEZ, Appellee.

No. 11–92–214–CV.

Court of Appeals of Texas,
Eastland.

Aug. 26, 1993.

Rehearing Denied Sept. 30, 1993.

J. Hadley Edgar, Texas Tech University
Law School, Brian P. Quinn, D. Thomas
Johnson, McWhorter, Cobb, & Johnson, Lub-
bock, for appellant.

Aubrey Roberts, Moore, Dickson, Roberts
& Ratliff, Inc., Sweetwater, for appellee.

## OPINION

ARNOT, Justice.

This is a venue case. Candido H. Sanchez,
an employee of the Atchison, Topeka and
Santa Fe Railway Company, was seriously
injured in Dallas County when the truck he
was operating overturned. Sanchez was a
resident of Coleman County. Santa Fe is a
foreign corporation with its principal office in
Topeka, Kansas. Suit was filed in Nolan
County. Santa Fe's motion to transfer this
case was overruled by the trial court. The
jury found that Santa Fe was negligent in
failing to provide Sanchez a safe place to
work and that Sanchez was negligent in the

operation of the truck. The jury determined the percentage that both parties' negligence contributed to Sanchez' injuries. Judgment was entered in favor of Sanchez for $199,-567.25.

In its sole point of error, Santa Fe argues that the trial court erred in overruling its motion to transfer the case to Dallas County, the situs of the accident. After considering the entire record, we find that venue was proper.

The applicable venue statute for a foreign corporation is TEX.CIV.PRAC. & REM. CODE ANN. § 15.037 (Vernon Supp.1993) which provides that foreign corporations doing business in this state may be sued in any county in which the corporation may have an "agency" or "representative." TEX.CIV. PRAC. & REM.CODE ANN. § 15.064 (Vernon 1986) and TEX.R.CIV.P. 87 require this court to conduct an independent review of the entire record to determine whether venue was or was not proper in the ultimate county of suit. *Ruiz v. Conoco, Inc.*, 36 Tex.Sup.Ct.J. 412 at 417 (December 31, 1992).[1]

The *Ruiz* court, reaffirming its holding in *Milligan v. Southern Express*, 151 Tex. 315, 250 S.W.2d 194 (1952), held that under Section 15.037 an "agency" exists when "the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit" and that a "representative" is "a party possessing broad powers from the defendant [corporation who] resides in the county."

However, Section 15.037 also contains the following exclusionary language specifically applicable to railroad companies:

For the purposes of this section, the mere ownership, leasing of tracks, roadbeds, or right-of-way or maintenance or repair of tracks is not considered to constitute an agency or representative of a railroad corporation, and employees, excluding management, solely engaged in general maintenance, switching, loading or unloading, or operating trains in transit shall not be considered agents or representatives of a railroad corporation.

In *Milligan*, the applicable venue statute under review, TEX.REV.CIV.STAT.ANN. art. 1995, § 23 (repealed 1983), did not contain the exclusionary language found in Section 15.037. Santa Fe points out that the above language was added as part of the "Tort Reform Package" and that the legislative history shows that this exclusionary language was designed to limit venue to counties which have some connection to the case and to prevent prejudicial forum shopping.[2]

■ Santa Fe argues that, in determining "agency," railroad employee activity such as general maintenance, switching, loading or unloading, and operating trains in transit should not be considered in determining whether Santa Fe actually conducts business in a more or less permanent form in Nolan County. We disagree.

■ The exclusionary language under Section 15.037 establishes separate criteria for determining venue for each independent standard, "agency" and "representative." This is consistent with the court's holding in *Ruiz*. That is, the "mere ownership, leasing of tracks, roadbeds, or right-of-way or maintenance or repair of tracks" is not to be considered in determining whether the "business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit." And, employees "solely engaged in general maintenance, switching, loading or unloading, or operating trains in transit" are not parties "possessing broad powers from the defendant" corporation.

■ The record reflects that Santa Fe did business in more or less regular and perma-

---

1. This court recognizes that there is a motion for rehearing pending in *Ruiz* and, also, that we are without the benefit of the dissenting opinions of Justices Gonzalez and Hecht.

2. In an affidavit to support its motion to transfer, Santa Fe's local counsel lists 140 cases filed in Nolan County against Santa Fe railroad since March 23, 1983. Of these 140 cases, only 8 have any connection to Nolan County. In four cases, the plaintiff is a resident of Nolan County. In two cases, Nolan County is listed as the situs of the accident. In two cases, Nolan County is both the situs of the accident and the county of residence of the plaintiff.

nent form in Nolan County at the time this suit was filed. Santa Fe had 14 employees residing in Nolan County. A track supervisor was responsible for checking the condition of the track and roadbeds and then requesting repairs from section crews. A section foreman was in charge of supervising the section crews who made the repairs. A truck driver and three helpers were also stationed at the Nolan County facility. Santa Fe employed a radio communications technician who was responsible for maintaining the communication and microwave equipment and a signal maintainer who operated the signal equipment. Six clerks did clerical work, ran various interlocking machines which changed the tracks, and operated safety signals. These employees, all of whom resided in Nolan County, were not managers and did not possess broad powers from Santa Fe.

Santa Fe maintained a regional yard office in Nolan County. Santa Fe owned the land and physical plant where these individuals worked. As the inbound trains entered the Nolan County facility, train crews would change over. Cars would be classified into different segments, and the trains would be reassembled. The reassembled trains would then depart for their next destination with a new crew. Santa Fe made arrangements for the incoming crew to be housed and fed before the crew boarded its next assigned train.

The six clerks were responsible for the train lists. These lists recorded the load and footage of the trains as well as the sequence of cars and the engines which were needed. Santa Fe received compensation for the receiving, reassembling, and redirecting of the trains and cargo which was processed in the Nolan County yard.

After reviewing the entire record, we find that Santa Fe actually conducted business in more or less a regular and permanent form in Nolan County.[3] As such, Santa Fe had an

agency under Section 15.037 in Nolan County as that term is defined in *Ruiz*. Therefore, venue was proper in Nolan County. Santa Fe's sole point of error is overruled.

The judgment of the trial court is affirmed.

---

3. Santa Fe argues that the depositions of its former employees, F.P. Nichols, Ronald A. Atkins, and Bill Baker, taken in other proceedings should not be considered for the purposes of determining venue because these individuals were not employed with Santa Fe at the time this case was filed.

Although we have reviewed the entire record, the deposition testimony of Roger Weidemann, train master for Santa Fe, is sufficient to show that Santa Fe had an agency in Nolan County at the time this suit was filed.