The ATCHISON, TOPEKA AND SANTA
FE RAILWAY COMPANY,
Appellant,

v.

Candido H. SANCHEZ, Appellee.

No. 11–92–214–CV.

Court of Appeals of Texas,
Eastland.

Dec. 8, 1994.

J. Hadley Edgar, Brian P. Quinn, D. Thomas Johnson, McWhorter, Cobb & Johnson, Lubbock, for appellant.

Aubrey L. Roberts, Abilene, for appellee.

Opinion

ARNOT, Justice.

## ON REMAND

This is a venue case on remand from the Texas Supreme Court. On original submission, we relied on *Ruiz v. Conoco, Inc.*, 36 Tex.Sup.Ct.J. 412 (December 31, 1992), to affirm the judgment of the trial court. See *Atchison, Topeka and Santa Fe Railway Company v. Sanchez*, 861 S.W.2d 77 (Tex. App.—Eastland 1993), *rev'd and remanded*, 890 S.W.2d 793 (Tex.1994). Subsequently, the supreme court granted a motion for rehearing in *Ruiz*, withdrew its prior opinion, and changed its holding concerning the venue issue. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752 (Tex.1993). We reverse and remand.

Candido H. Sanchez, an employee of the Atchison, Topeka and Santa Fe Railway Company, was seriously injured in Dallas County when the truck he was operating overturned. Sanchez was a resident of Coleman County. Santa Fe is a foreign corporation with its principal office in Topeka, Kan- sas. Suit was filed in Nolan County. Santa Fe's motion to transfer this case to Dallas County was overruled by the trial court. The jury found that both Santa Fe and Sanchez were negligent and determined the percentage that each party's negligence contributed to Sanchez' injuries. Judgment was entered awarding $199,567.25 to Sanchez.

The sole point of error concerns the propriety of venue in Nolan County. In order to determine whether venue was properly retained by the district court in Nolan County, we must conduct an independent review of the entire record and determine whether there is any probative evidence that venue was proper there. *Wilson v. Texas Parks & Wildlife Department*, 886 S.W.2d 259, 262 (Tex.1994); *Ruiz v. Conoco, Inc.*, supra at 758. Sanchez had the burden of proof on this issue.

Santa Fe contends that venue was not proper in Nolan County because it had no "agency or representative" in Nolan County at the time Sanchez filed this suit. See TEX.CIV.PRAC. & REM.CODE ANN. § 15.037 (Vernon Supp.1994). Under Section 15.037, foreign corporations doing business in this state may be sued in any county in which the corporation has an "agency or representative." The court in *Ruiz*, supra at 759, determined that:

> [V]enue against a corporation may be predicated upon the presence in a county of either an agency—a more or less regular and permanent business operation—or a representative with broad powers to act for the corporation.... The missing element in an ordinary employee, *essential for both types of persons in the venue statute, is possession of broad power and discretion to act for the corporation.* (Emphasis added)

Section 15.037 also contains the following exclusionary language specifically applicable to railroad companies:

> For the purposes of this section, the mere ownership, leasing of tracks, roadbeds, or right-of-way or maintenance or repair of tracks is not considered to constitute an agency or representative of a railroad cor-

poration, and employees, excluding management, solely engaged in general maintenance, switching, loading or unloading, or operating trains in transit shall not be considered agents or representatives of a railroad corporation.

As discussed in our original opinion in this case, Santa Fe conducted a more or less regular and permanent business operation in Nolan County at the time this suit was filed. However, none of the employees who resided in Nolan County possessed broad powers to act for Santa Fe. See *Atchison, Topeka and Santa Fe Railway Company v. Sanchez,* supra. The record shows that these employees were supervised by persons who neither resided in nor worked in Nolan County. Two of these supervisors, the trainmaster and the assistant superintendent, occasionally went to Nolan County to monitor the operations there.

Roger D. Weidemann was the trainmaster, and Roy D. Williams was the assistant superintendent. Their division included the Dublin, San Angelo, and Lampasas subdivisions. Weidemann and Williams were permanently assigned to Santa Fe's Brownwood office, and both resided in Brown County. Weidemann visited Nolan County once a week or once every two weeks. Williams visited periodically. Their duties in Nolan County, which was located in the Lampasas subdivision, were limited to monitoring the operations and reporting to the superintendent in Euless, who in turn had the authority to act for Santa Fe. If instructed to do so by their superintendent in Euless, Weidemann and Williams had the duty to conduct a formal investigation concerning a rule violation by an employee. However, their authority was limited to filing a report and making a recommendation to the superintendent. Weidemann stated that he had the authority to seek medical care for another employee in an emergency situation in Nolan County but that any Santa Fe employee had the same authority. Neither Weidemann nor Williams

had the authority to enter into a contract on behalf of Santa Fe; hire, fire, or discipline employees; or "exercise any management functions whatsoever" regarding the Lampasas subdivision. There is no evidence in the record that Weidemann or Williams possessed the type of broad discretionary power required by the statute. See *Ruiz v. Conoco, Inc.,* supra at 759; see also *Rouse v. Shell Oil Company,* 577 S.W.2d 787 (Tex.Civ. App.—Corpus Christi 1979, writ dism'd); *Colorado Interstate Gas Company v. MAP-CO, Inc.,* 570 S.W.2d 164 (Tex.Civ.App.—Amarillo 1978, no writ).

The only other employee in Nolan County who was shown to have some power to act for Santa Fe at the time this suit was filed was the signal maintainer, James Wallis. He had the authority to make cash purchases necessary for his work. However, he had no authority to charge anything to Santa Fe, and his purchasing power was limited to $50 per sale and $300 per month. The authority to purchase anything beyond this limit came from a purchase order issued by Santa Fe's office in Euless. The court in *Ruiz* held that, as a matter of law, this type of discretion does not meet the degree of broad power and discretion required by the statute.

Although the evidence shows that Santa Fe did business in a more or less regular and permanent form in Nolan County at the time this suit was filed, there is no probative evidence that any of the employees present in Nolan County possessed broad power and discretion to act for Santa Fe.[1] Thus, Santa Fe had no agency or representative in Nolan County at the time Sanchez filed this suit, and venue was not proper in Nolan County. We hold that the trial court erred in overruling Santa Fe's motion to transfer. The point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded with in-

---

1. In determining proper venue, Sanchez urges that the depositions of F.P. Nichols, Ronald A. Atkins, and Bill Baker, former employees of Santa Fe, should be considered. Assuming without agreeing that these depositions were properly before the trial court, we have reviewed this testimony. The depositions do not reveal that any employee of Santa Fe had the broad discretionary power required by *Ruiz* to establish venue in Nolan County at the time suit was filed.

structions to transfer this suit to Dallas County for a new trial.[2]

**2.** Santa Fe's motion to transfer requested that the cause be transferred to Dallas County where the accident occurred. Dallas County is thus a county of proper venue because the cause of action accrued there. See Section 15.037.