**NABORS LOFFLAND DRILLING COMPANY, Appellant,**

v.

**Rosendo MARTINEZ and Mrs. Dora Martinez, Appellees.**

No. 04–93–00782–CV.

Court of Appeals of Texas, San Antonio.

Feb. 8, 1995.

Rehearing Denied Feb. 27, 1995.

Keith N. Uhles, Rosemary Conrad, James H. Hunter, Jr., Royston, Rayzor, Vickery & Williams, Brownsville, for appellant.

William J. Tinning, Jerry Guerra, Law Offices of William J. Tinning, Corpus Christi, for appellees.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

This is an oil field accident case in which a venue issue is raised. Because we feel that the recent Supreme Court case of *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752 (Tex.1993) dictates the case was tried in the wrong county, we reverse and remand the case to Brooks County with instructions that it be transferred to Harris County.

### Facts

Rosendo Martinez (Martinez) was an employee of Young Trucking Company (Young) as a swamper. At the time of the accident, February 28, 1990, Young was moving a rig that belonged to the defendant, Nabors Loffland Drilling Company (Nabors). Nabors was doing the drilling for Shell Western E & P, Inc. (Shell). The rig was being moved from one location in Hidalgo County to another place within the county. Martinez's job as a swamper was to help the truck driver do various tasks. At the time of the accident they were moving a small building and the platform upon which it sat. Martinez was on top of the building which had already been placed on the truck. He had

disconnected the chains so the truck could be driven away, but unfortunately the chains had caught on the base and when the truck pulled away, the building was pulled over. Martinez jumped to keep from being crushed and seriously injured his knee. The liability question centered on whether Nabors had a duty to have one of their people there, standing on the ground to make sure the chains were clear before the truck moved forward. There was evidence that it would be difficult for Martinez, sitting on top of the house, to see what had happened to the chains after he disconnected them. Nabors' position was that Young was an independent contractor and that Young had the responsibility to do the job correctly and safely. Therefore the right of control was hotly disputed. The jury found that Loffland was 100% liable, and grossly negligent. Martinez was awarded $170,000 in actual damages and $100,000 in exemplary damages (later taken away by the trial judge). Mrs. Martinez was awarded $10,000 damages.

### Venue

The lawsuit was brought in Brooks County, and the original petition said the accident occurred in Brooks County. This was incorrect, however, as the accident happened in the adjacent county of Hidalgo. Both Nabors and Shell timely made motions to transfer venue, denying the accident occurred in Brooks County and asserting that Harris County was the proper venue county as both of the defendants had their principal offices there.

By August of 1992, the plaintiffs amended their petition to add that the defendant had either an agent or representative in Brooks County, and that they had a fixed and established place of business in Brooks County. This amendment placed the issue under the ever tightening guidelines set out in *Ruiz*, supra, even though the Supreme Court had not issued their opinion yet. Plaintiffs also amended their allegations to include violations of the Deceptive Trade Practices Act. The problem with these asserted violations, though, is whether Martinez can be considered a consumer. For reasons stated below, we hold he cannot.

Plaintiffs also argued that the defendants waived their timely objections based on venue by asking the Brooks County court for affirmative relief on discovery and procedural matters. We cannot agree with this. Once there has been a timely motion to transfer venue, a defendant has no choice but to continue on in the venue in which he finds himself, correct or not. *See* TEX.R.CIV.P. 88. To rule otherwise would have the effect of tying the defendant's hands and force a Hobson's choice. Nor do we think the defendant has to engage in the meaningless ritual of adding the words "subject to our motion for a change of venue" every time a motion is made. *See* TEX.R.CIV.P. 88. There is not the slightest hint that the defendants ever had any intention to waive their objection to venue, and we hold they did not.

### *Ruiz v. Conoco, Inc.* Analysis

The leading case on venue today without a doubt is *Ruiz v. Conoco*, 868 S.W.2d 752 (Tex.1993). The Supreme Court dictates the standards of appellate review of venue determinations, as well as a thorough review of what is meant by "agency or representative." The timing of the present case is unfortunate in regards to *Ruiz* as all of the operative facts and most of the judicial decisions were made before *Ruiz* was decided in September of 1993, yet the lower court's rulings are to be reviewed by *Ruiz* standards. Unfortunate or not though, this court must follow *Ruiz*, and doing that we must also find that *Ruiz* standards were not met.

The standard of appellate review is governed by Tex.Civ.Prac. & Rem.Code Sec. 15.064(b), which states:

On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits.

The Supreme Court goes on to annunciate the review standard:

... if there is any probative evidence in the entire record, including trial on the merits, that venue was proper in the county where judgment was rendered, the ap-

pellate court must uphold the trial court's determination. If there is no such evidence, the judgment must be reversed and the case remanded to the trial court. *Ruiz*, 868 S.W.2d at 758.

Suits against corporations, be they domestic or foreign, require, among other things, that the company have an "agency or representative" in the county where they are being sued. TEX.CIV.PRAC. & REM.CODE §§ 15.036 and 15.037. *Ruiz* defines the words:

... the statute refers to a situation in which the business of the defendant is, in a more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of "agency" and the other of "representative...." Thus, venue against a corporation may be predicated upon the presence in a county of either an agency—a more or less regular and permanent business operation—or a representative with broad powers to act for the corporation.

*Ruiz*, 868 S.W.2d at 759.

■ The Supreme Court then analyzed the venue facts and found there was no basis for venue in Starr County where the suit was brought. The venue facts in the instant case are quite similar to *Ruiz*. Shell did not have its principal business operation in Brooks County just as Conoco did not have its principal place of business in Starr County. Shell had 20 wells in Brooks County; Conoco had 50 wells in Starr County. Shell had an operations foreman for Brooks, Hidalgo and Starr Counties; Conoco had five permanent and one part-time employee in Starr County. Shell's foreman visited Shell's permanent building in Brooks County virtually daily and there was a telephone, but there was no evidence of the foreman having the "broad discretionary power to act for the corporation" that *Ruiz* requires. Indeed, Conoco's foreman in *Ruiz* appears to have had more authority than Shell's foreman in this case and was still found insufficient to support venue.

The very recent case of *Atchison, Topeka & Santa Fe Railway Co. v. Sanchez*, 890 S.W.2d 793 (Tex.App.—Eastland, 1994) is in-structive. This case was reversed and remanded by the Supreme Court following their reasoning in *Ruiz*. *Atchison, Topeka & Santa Fe Railway Co. v. Sanchez*, 890 S.W.2d 793 (1994).

An employee of Santa Fe was hurt in Dallas County. Suit was brought in Nolan County. The question of venue was raised. Although Santa Fe conducted a more or less regular and permanent business operation in Nolan County at the time the suit was filed, none of the employees who resided in Nolan County possessed broad powers to act for Santa Fe. These employees did, in our opinion, have more authority and responsibility than did Shell's foreman in the instant case. The trial court was reversed for overruling Santa Fe's motion to transfer. So was the court of appeals for upholding the trial court.

In accordance with *Ruiz* and *Santa Fe*, we hold Brooks County was not proper venue and that Harris County is because it is the defendants' principal place of business.

## Deceptive Trade Practices Act

■ Prior to the hearing on the venue issue, the plaintiffs amended their petition to allege DTPA violations. Defendants contest the plaintiff's right to amend for venue purposes saying the plaintiffs "venue option was selected when they filed suit." Allowing a plaintiff to amend their petition to raise new causes of action for venue purposes allows plaintiffs to circumvent the venue law they say. We do not agree. Plaintiffs can amend their petition as many times as they like and so can the defendants. *See* TEX.R.CIV.P. 62–67; *Chapin & Chapin, Inc. v. Texas Sand & Gravel Co.*, 844 S.W.2d 664, 665 (Tex.1992). Tex.R.Civ.P. 87 § 3(b) states in regard to the venue hearing: "[t]he court shall determine the motion to transfer venue on the basis of the pleadings, any stipulations made by and between the parties and such affidavits and attachments as may be filed by the parties ..." The trial court is "duty bound to consider ... (the) last amended pleading". *Moriarty v. Williams*, 752 S.W.2d 610, 611 (Tex.App.—El Paso 1988, writ denied).

Having held that the plaintiffs were within their rights to amend their petition prior to

the venue hearing, the question then is what is the effect of the DTPA allegations. The DTPA has a differently worded venue statute. It states in applicable parts that a suit may be brought against a defendant where the defendant "has his principal place of business, or has a fixed and established place of business at the time the suit is brought...." TEX.BUS. & COM.CODE § 17.56 (Vernon 1987).

 Martinez must be a "consumer" before he has a DTPA claim. The DTPA defines a "consumer" generally as one "who seeks or acquires by purchase or lease, any goods or services." TEX.BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987). The plaintiff establishes standing as a consumer in terms of his relationship to the transaction, not by a contractual relationship with the defendant. *Birchfield v. Texarkana Memorial Hosp.*, 747 S.W.2d 361, 368 (Tex.1987). Therefore, it is possible to be a consumer without buying anything. A third party beneficiary to an insurance policy has been held to be a consumer. *Kennedy v. Sale*, 689 S.W.2d 890, 892 (Tex.1985).

> However, a person who has no relationship to the sales transaction may not be a consumer of the goods or services under the DTPA.... the goods or services provided to the employer by a third party must have some relationship to the employee in order for him to be considered a consumer under the DTPA.

*Lara v. Lile*, 828 S.W.2d 536, 542 (Tex. App.—Corpus Christi 1992, writ denied).

 No contract was entered into for Martinez's benefit or with Martinez. He was simply an employee of a subcontractor, Young, who was providing services to the defendant, Nabors. Nabors, in turn, was providing services to Shell. Martinez does not fit even into an extended definition of "an individual ... who seeks or acquires by purchase or lease, goods or services." Section 17.45(4), supra. We hold as a matter of law that Martinez was not a consumer under the DTPA and therefore could not take advantage of the DTPA venue statute. We express no opinion of whether the venue standards under the DTPA would be any more liberal than those expressed in *Ruiz*.

### Other Points of Error

The defendant brings several other points of error, and the plaintiff also brings a cross point. However, as the venue ruling controls the case, it is not necessary to reach these points.

### Holding

We reverse and remand the case to the Brooks County court with instructions to transfer to Harris County for further proceedings consistent with this opinion.