**NORTH AMERICAN LAND CORPORATION, Appellant,**

v.

**Howard J. BOUTTE, Appellee.**

**No. A2366.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 25, 1980.

Rehearing Denied July 9, 1980.

1. · This sum was found by the jury in answer to a special issue.

Sam Dawkins, Eastham & Meyer, Houston, for appellant.

John J. Browne, Browne & Moore, Joe Resweber, County Atty., Billy E. Lee, Asst. County Atty., Houston, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

Appellant North American Land Corporation sued appellee Howard J. Boutte to recover the balance owning on a promissory note. Boutte filed a counterclaim seeking damages based on provisions in the contracts for the sale of land. The trial court entered judgment for Boutte based on the findings of the jury.

On June 5, 1969, the parties to this suit entered into two contracts for the sale of land in which appellant agreed to sell appellee two lots of land. Boutte also executed a promissory note and a deed of trust in connection with the purchase. Under the terms of the contracts, appellant was supposed to construct and complete all hard surface roads, utilities and recreation areas in the subdivision within twelve months from the date of the contract. Failure to do so required appellant to buy back the property at ten percent above the original purchase price.

On December 30, 1971, Boutte brought suit against North American alleging that the improvements had not been completed: He sought specific performance of the ten percent repurchase clause, damages and an injunction to prevent North American from foreclosing on the property. On April 30, 1975, this cause of action was dismissed for lack of prosecution. North American then filed the instant suit on January 2, 1976 seeking to recover the balance due on the promissory note. Boutte filed his counterclaim seeking to recover the amounts he had already paid on the note plus the ten

percent. While this suit was pending, the appellant foreclosed on the property and allowed a credit against the note in the amount of the proceeds from the sale.

Appellee has filed a motion to dismiss this appeal for want of jurisdiction. After judgment appellee filed in this cause a notice of intent to take oral deposition of appellant. The attorney for appellant filed a motion to strike the deposition notice. This motion stated that there is no longer any such entity as North American Land Corporation and that it has been merged with two other corporations.

Appellee claims that since North American is no longer a legal entity, it cannot be aggrieved by a judgment, and that it can not prosecute an appeal. However BNA, Inc., the successor through merger of North American, has filed a supersedeas bond in this cause. The surviving or new corporation in a merger assumes the liabilities and obligations of the constituent corporations and may prosecute any of the constituent corporations' claims or actions. Tex.Bus.Corp.Act, art. 5.06 A(5) (Vernon 1980). Appellee's motion to dismiss the appeal is denied.

Appellant complains that the trial court erred in failing to hold that Boutte's counterclaim was barred by the four–year statute of limitations, Article 5527, Tex. Rev.Civ.Stat.Ann. (Vernon 1958) (amended 1979). Appellant claims that appellee's cause of action accrued June 5, 1970, when the improvements were not completed as required by the contracts. Thus, appellee's counterclaim should be barred by limitations. This point is without merit because of Tex.Rev.Civ.Stat.Ann. art. 5539c (Vernon Supp. 1980). This statute provides that:

In the event a pleading asserting a cause of action is filed under circumstances where at the date when answer thereto is required by law a counterclaim or cross claim would otherwise be barred by the applicable statute of limitation, then the party so answering may, within 30 days following such answer date file a counterclaim or cross claim in such cause and the period of limitation is hereby extended

for such period of time provided that the counterclaim or cross claim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim.

Boutte filed a counterclaim which arose out of the same transaction and occurrence that is the subject matter of North American's claim. Appellant claims, however, that because appellee had filed an action as a plaintiff against appellant seeking substantially the same remedies, then appellee's counterclaim does not come within the provisions of Article 5539c. To support its contention, appellant cites the case of *Hobbs Trailers v. J. T. Arnett Grain Co.*, 560 S.W.2d 85 (Tex.Sup. 1977). The Supreme Court there held that "the statute does not extend the limitation period when the claim was originally asserted as other than a counterclaim or cross claim." *Id.* at 89. However, in *Hobbs Trailers*, the party seeking to employ Article 5539c was the original plaintiff who had brought a suit on a barred cause of action. Through a realignment of the parties, the original plaintiff became the nominal defendant, and sought to invoke the statute to save his claim. The Supreme Court held that the statute did not apply because the legislature did not intend such a result. The statute was enacted to prevent a plaintiff from waiting until an adversary's claim arising from the same transaction was barred by limitation before asserting his own claim. Appellee was not the plaintiff in *the instant case* and he asserted his claim as a counterclaim. The fact that appellee was a plaintiff in a totally separate proceeding is not material to this point.

 Appellant next contends that appellee should not recover because he did not affirmatively plead that his counterclaim was not barred by limitation. Appellant claims that Article 5539c is in the nature of an affirmative defense, and must be pled as such as required by Tex.R.Civ.P. 94. This is not the case. Appellant cites no cases that hold that one must plead a defense or exception to an affirmative defense. Article 5539c merely allows a party to assert an otherwise barred claim and is not in the nature of an avoidance or an affirmative defense.

 Lastly, appellant claims that the court erred in rendering judgment because Boutte did not tender the land back to appellant. Boutte, in his answer and counterclaim, alleged that he had advised North American of his decision to cease making payments on the land and demanded that appellant buy back the lots as set out in the contracts. During the pendency of this action, North American foreclosed on the land and thus divested Boutte of title to the property. Therefore, it was the action of North American that made it impossible for Boutte to reconvey the land. Thus, appellee is entitled to his damages under the contract.

All of appellant's points of error have been considered and are overruled. The judgment of the trial court is affirmed.

Affirmed.