Clark E. WRIGHT and Fannie Wright, Appellants,

v.

Nicholas MATTHEWS, Executor of the Estate of Garland Smith Matthews, Bill F. McGraw, Katharine McGraw, and Virginia Henderson Adams, Appellees.

No. 09–99–393 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 1, 2000.

Decided Sept. 21, 2000.

Rehearing Overruled Oct. 12, 2000.

---

4. The trial court has complied with the May 24, 2000 order.

Thomas Lee Bartlett, Houston, Ted G. Walker, Buna, for appellant.

Blair A. Bisbey, Seale, Stover & Bisbey, Jasper, for appellee.

Before BURGESS, STOVER and HILL,[1] JJ.

## OPINION

JOHN HILL, Justice (Assigned).

Clark E. Wright and Fannie Wright appeal from a judgment quieting title to certain real estate in favor of Nicholas Matthews, executor of the estate of Garland Smith Matthews, Bill McGraw and his wife Katharine, and Virginia Henderson Adams. The Wrights present three issues on appeal, contending that the trial court erred by: (1) granting summary judgment against them on their counterclaims based upon limitations; (2) excluding evidence, including evidence relevant to issues of payment, breach, excuse, justification, and notification, as well as admissions made by Matthews, regarding the relative performance of the sellers and purchasers under the contract of sale they had filed in the deed records; and (3) by failing to render judgment against Appellees in view of their failure to submit any evidence, move for directed verdict, or obtain a finding on any liability issue.

We affirm because: (1) the trial court did not err in granting summary judgment against the Wrights on their counterclaims; (2) the trial court did not err by excluding evidence of the parties' performance under the terms of the contract because it was not relevant to any material fact issue raised by the pleadings; and (3) the trial court did not err in rendering judgment for Appellees.

In their first issue the Wrights contend that the trial court erred in granting summary judgment as to their counterclaims. In 1983, D.M. Henderson and Garland Smith Matthews entered into a contract with Clark and Fannie Wright, in which

---

**1.** The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

they agreed to execute a general warranty deed transferring certain property to the Wrights upon their payment of a designated monthly installment over a ten-year period. The contract also provided that Henderson and Matthews would execute a general warranty deed to the Wrights to any lot described in Tract 1 in Exhibit "A" attached to the contract upon payment of a total of $1000 per lot, including principal and interest.

The Wrights discontinued making payments under the contract in May, 1985, contending that Henderson and Matthews did not perform as promised, because they did not convey any of the lots. The Wrights recorded the contract in the deed records on March 6, 1998. After the Wrights recorded the contract, Appellees brought this action to quiet title. The Wrights counterclaimed, alleging claims of specific performance, breach of contract, declaratory judgment, DTPA, statutory fraud, constructive trust, promissory estoppel, quiet title based upon adverse possession, trespass to try title based upon adverse possession, and for attorney's fees. Appellees moved for summary judgment on the basis that the Wrights' counterclaims are barred by limitations or laches and that there was no evidence in support of any of the Wrights' affirmative defenses. The trial court granted Appellees partial summary judgment in their favor as to all of these counterclaims, except for the Wrights' claims of title based upon adverse possession. The jury made findings against the Wrights on their adverse possession claims.

In a traditional motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its

favor. *See Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex. 1985).

It is undisputed that the Wrights' contractual counterclaims are barred by limitations unless limitations does not apply due to the provisions of Section 16.069 of the Texas Civil Practice and Remedies Code. That section provides that if a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party may file the counterclaim or cross claim even though, as a separate action, it would be barred by limitation on the date the party's answer is required. TEX. CIV. PRAC. & REM.CODE ANN. § 16.069 (Vernon 1997). If the Wrights' counterclaim arises out of the same transaction or occurrence as Appellees' petition to quiet title, it was timely filed; otherwise, it is barred by limitations.

■ Appellees' petition to quiet title arises out of the Wrights' filing of the sales contract in the deed records, thereby putting a cloud on their title. It does not arise out of the contract itself. Consequently, the Wrights' counterclaims upon which partial summary judgment was granted are barred by limitations. Therefore, the trial court did not err in granting the partial summary judgment.

The Wrights principally rely upon the cases of *Oliver v. Oliver,* 889 S.W.2d 271 (Tex.1994); *Briargrove Park Property Owners, Inc. v. Riner,* 867 S.W.2d 58 (Tex. App.—Texarkana 1993, writ denied); and *North American Land Corp. v. Boutte,* 604 S.W.2d 245 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). We find these cases to be distinguishable, because in each of those cases the counterclaim related to the same transaction or occurrence as the initial suit.

■ Arguably, the opinion in *Briargrove Park Property Owners, Inc. v. Riner, supra.,* could be construed as inconsistent with our holding because it involved a counterclaim based upon a contract, a counterclaim filed after the filing of an

action to quiet title. However, we note that in that case there was no dispute between the parties concerning whether the counterclaim was related to the same transaction or occurrence. *See Briargrove Park Property Owners*, 867 S.W.2d at 63. Therefore, the court of appeals did not analyze whether it was, or was not, so related. To the extent that the holding in *Briargrove* might be construed as being contrary to our holding here, we decline to follow it. To do so would be inconsistent with the purpose of Section 16.069, which is to prevent a plaintiff from waiting until an adversary's claim arising from the same transaction is barred by limitation before asserting his or her own claim. *See North American Land Corp.*, 604 S.W.2d at 247. We do not find that it supports the revival of a stale claim relating to real estate by making a filing in the deed records, then asserting the claim as a counterclaim to an action to quiet title. We overrule the Wrights' contentions as raised in their first issue.

■ The Wrights contend in issue two that the trial court erred by excluding evidence relating to the performance of the parties under the sales contract. They sought to introduce evidence showing they had paid sufficient money under the contract to be entitled to receive a deed to certain lots, but that neither Appellees nor their predecessors in title had conveyed the lots to them as required by the contract, thereby justifying the Wrights' failure to make further payments until title to the lots was conveyed.

■ "The principal issue in a suit to quiet title is as to the existence of a cloud that equity will remove." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.). The purpose of a suit to quiet title is "to enable the holder of the feeblest equity right to remove from his way to legal title any unlawful hindrance having the appearance of a better right." *Id.* (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (Tex.1886)). Any deed, contract, judgment or other instru-

ment not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner. *See Best Inv. Co. v. Parkhill*, 429 S.W.2d 531, 534 (Tex.Civ.App.—Corpus Christi 1968, writ dism'd w.o.j.).

■ The plaintiff in a suit to quiet title must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference. *See Ellison v. Butler*, 443 S.W.2d 886, 888–89 (Tex.Civ.App.— Corpus Christi 1969, no writ). In this case Appellees established their legal title by deed, through stipulation of the parties. The Wrights sought to refute Appellees' contention their claim was superior by presenting evidence they were not in default of their payments under the contract because Appellees (or their predecessors in title) had not performed under the contract, since they had failed to convey certain lots as the Wrights contend the contract required. As to the property as a whole, the Wrights have no equitable title because the purchase price has not been paid in full. *See Johnson v. Wood*, 138 Tex. 106, 157 S.W.2d 146, 148 (1941). Thus, the evidence the Wrights sought to introduce would not be relevant because, regardless of the reason for their nonpayment under the contract, they have no equitable title in the property.

With respect to the lots the Wrights contend should have been conveyed to them, a showing of equitable title on their part, based upon their performance under the contract, would constitute a showing of a greater right in the property than the legal right shown by Appellees. *See id.* Evidence of the parties' performance under the contract would be relevant to such an issue. However, we conclude that any assertion the Wrights' claim to title of those lots is superior to Appellees' claim to title is an affirmative defense. The

Wrights did not plead a claim to equitable title of the lots by virtue of their performance under the contract. Affirmative defenses must be plead. *See* Tex.R. Civ. P. 94. By failing to plead this affirmative defense, the Wrights waived their claim. *See Kinnear v. Texas Com'n on Human Rights ex rel. Hale,* 14 S.W.3d 299 (Tex. 2000); *Texas Farmers Ins. Co. v. Murphy,* 996 S.W.2d 873, 879–80 (Tex.1999). We overrule the Wrights' contention as presented in issue two.

■ The Wrights insist in issue three that the trial court erred by rendering judgment in favor of Appellees, even though they did not submit any evidence or obtain a jury finding on any liability issue. The parties stipulated at trial that Appellees hold record title to the premises in question. As we have noted, Appellees established their legal title to the premises by deed. The Wrights made no assertion they were entitled to equitable title of the lots which they contend should have been conveyed to them because they had fully performed under the contract as to those lots. The jury rejected the Wrights' claim to title based upon adverse possession. We hold that the trial court did not err in rendering judgment for Appellees. The Wrights contend that Appellees did not present evidence that their claim was invalid. However, we hold that the showing by Appellees of their legal title, coupled with the jury's rejection of the Wrights' assertion of title and the Wrights' failure to assert equitable title to the lots by virtue of their performance, is sufficient to support the judgment to quiet title in favor of Appellees. We overrule the Wrights' contention presented in issue three.

The judgment is AFFIRMED.

EARL B. STOVER, Justice, concurring.

I concur in the result reached by the majority, but for a different reason. Unlike the majority, I believe the Wrights' counterclaim causes of action did arise out of the same transaction or occurrence that is the basis of the Matthews' action. *See*

*North Am. Land Corp. v. Boutte,* 604 S.W.2d 245 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref. n.r.e.) (Counterclaim on *performance* of contracts for sale of land arose out of same transaction or occurrence as the suit on the promissory note for purchase of land, and, thus, was not barred by statute of limitations.).

In their suit to quiet title, the Matthews pleaded that the Wrights "defaulted in the performance of their obligations under the terms of said Contract, and pursuant to the terms thereof, lost and forfeited any and all rights or claim of interest they may have had in and to said real property, without Defendants [Wrights] ever having obtained title to said real property, or any part thereof." By their own pleadings in their suit to quiet title, the Matthews themselves put the Wrights' performance under the 1983 contract at issue. Indeed, the Matthews' suit to quiet title is founded on and is inextricably linked with the Wrights' alleged failure to perform their obligations under the contract. For that reason alone, the counterclaims by the Wrights can be said to have arisen out of the same transaction or occurrence that is the basis of Matthews' action. *See generally Oliver v. Oliver,* 889 S.W.2d 271, 272–73 (Tex.1994) (Because the actual duration of the marital relationship was central to husband's divorce petition and because wife's counterclaim for fraud arose out of the facts that determined the duration of the relationship, her counterclaim arose out of the "same transaction or occurrence" that was the basis of husband's divorce action.).

Even though I believe the Wrights' cause of action arose out of the "same transaction or occurrence," I would nonetheless hold that their counterclaim causes of action are barred by the doctrine of laches and for that reason affirm the partial summary judgment. The elements of laches are: (1) unreasonable delay by one having legal or equitable rights in asserting them, and (2) a good faith change in position by another to his detriment be-

cause of the delay. See *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex.1989). Here the Matthews raised laches in their motion for summary judgment and attached sufficient summary judgment proof to support it. The Wrights delayed some thirteen years in asserting their rights under the contract; the Matthews submitted summary judgment evidence of their detrimental reliance on the delay. The Matthews' summary judgment motion and proof are unrefuted by the Wrights. Consequently, I concur in the majority's disposition of issue one and join in the rest of the opinion.