OPINION HEADING PER CUR 









                NO. 12-05-00160-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

ALFREDO
MILTON WATHEN RUIZ,     

BURTON
FRANCISCO WATHEN RUIZ,            

FRANKLIN
EUGENIO WATHEN RUIZ, 

RUTH
MARIA WATHEN VALLE, DOROTHY

LEONOR
WATHEN VALLE, GEORGE 

DAVID WATHEN VALLE,
BENJAMIN   §          APPEAL FROM THE 145TH

WATHEN
VALLE, MARGARITA WATHEN

LOPEZ,
LUISA VALLE CASTELLON, 

SARATOGA
ROYALTY CORPORATION,

DAVID
VINSON, PARTAGAS OIL AND

GAS,
INC., AND J. RITCHIE FIELD,

APPELLANTS

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

STEWART
MINERAL CORPORATION, 

GRAHAM
P. STEWART, III, AND 

THE
FORD C. WITHERSPOON 

IRREVOCABLE
TRUST, 

APPELLEE   §          NACOGDOCHES
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



OPINION








            Alfredo Milton Wathen Ruiz, Burton Francisco Wathen Ruiz,
Franklin Eugenio Wathen Ruiz, Ruth Maria Wathen Valle, Dorothy Leonor Wathen
Valle, George David Wathen Valle, Benjamin Wathen Valle, Margarita Wathen
Lopez, Luisa Valle Castellon, Saratoga Royalty Corporation, David Vinson,
Partagas Oil and Gas, Inc., and J. Ritchie Field, defendants in the trial court
(collectively “Defendants”), appeal a summary declaratory judgment in favor of
Stewart Mineral Corporation, Graham P. Stewart, III, and The Ford C.
Witherspoon Irrevocable Trust, plaintiffs in the trial court (collectively “Plaintiffs”).  In five issues, Defendants contend that the
trial court erred in granting summary judgment, resolving the parties’ title
dispute in a declaratory judgment action, and awarding Plaintiffs their
attorney’s fees.  We affirm the judgment
in part and reverse and remand in part.

Background

            In 1903, B.S. Wettermark and wife, Daisy Wettermark,
owned an undivided one half of  the
mineral estate in seven tracts of land located in Nacogdoches and Rusk Counties,
Texas.[1]  Sometime in 1903, B.S. and Daisy moved to
Costa Rica.  In 1934, B.S. and Daisy
executed a power of attorney in favor of Clifford Witherspoon, which was duly
recorded in the deed records of Nacogdoches and Rusk Counties.  B.S. died in Costa Rica in 1935.  Daisy continued to live in Costa Rica until
her death in 1961.  In 1938, Clifford
executed a deed in which he purported to convey as attorney in fact for B.S.
and Daisy an undivided one half mineral interest in the seven tracts to Minnie
Wettermark Witherspoon and Carl A. Wettermark. 
In 1940, Carl executed a deed conveying all of his right, title, and
interest in the minerals in the seven tracts to Stewart Mineral Corporation’s
predecessor in title.  Minnie died
testate in 1949 without having conveyed her mineral interest in the seven
tracts.  Minnie’s entire estate was
devised to Ford Witherspoon, Jr. and subsequently passed to The Ford C.
Witherspoon Irrevocable Trust. 
Plaintiffs have continuously developed the undivided one half mineral
interest from 1949 until the filing of this suit on July 25, 2003.  

 

Procedural History

            In their original petition, Plaintiffs sought a
declaratory judgment that they own the undivided one half mineral interest
formerly owned by B.S. and Daisy.  See
Tex. Prac. & Rem Code Ann. § 37.001-.011 (Vernon 1997) (“Declaratory
Judgments Act”).  No other relief was
ever sought by Plaintiffs other than under the Declaratory Judgments Act.  Plaintiffs alleged in their petition that the
1938 deed was valid to convey the undivided one fourth mineral interest that
Daisy owned as her community property.[2]








  Plaintiffs also alleged that irrespective of
the validity of the 1938 deed, they are the owners by adverse possession of
Daisy’s undivided one fourth mineral interest. 
They further sought to recover B.S.’s undivided one fourth mineral
interest by alleging the five and ten year adverse possession statutes.[3]  See Tex.
Prac. & Rem. Code Ann. §§ 16.025, 16.026 (Vernon 2002). 

            Plaintiffs filed a traditional motion for summary
judgment, which they later amended. 
Plaintiffs’ summary judgment motion included summary judgment evidence
describing Plaintiffs’ chain of title and documents containing facts supporting
their adverse possession claim. 
Defendants filed a response and lodged legal objections, but had no
controverting summary judgment evidence considered by the court.[4]  Defendants contended that the trial court
could not determine title to the undivided one half mineral interest in a
declaratory judgment action.  They argued
that title could be determined only in a trespass to try title action.  Defendants further contended that because
title to the undivided one half mineral interest  could not be determined in a declaratory
judgment action, Plaintiffs were not entitled to recover their attorney’s
fees.  Defendants also argued that the
1934 power of attorney is a forgery.

            The trial court granted Plaintiffs’ amended motion for
summary judgment without stating a reason for its ruling.  The trial court also ruled that Plaintiffs
were entitled to reasonable and necessary attorney’s fees.  The final judgment declared that Plaintiffs
had established title by limitations (adverse possession) to the undivided one
half mineral interest in the seven tracts. 
The judgment also awarded Plaintiffs $57,334.95 for reasonable and
necessary attorney’s fees against Defendants. 
Defendants filed a motion for new trial contending that title to real
property, including minerals, cannot be determined in a declaratory judgment
action and that Plaintiffs were not entitled to their attorney’s fees.  The trial court denied the motion for new
trial.  Defendants timely filed this
appeal.

 

 

Standard of Review

            Plaintiffs filed a traditional motion for summary
judgment. See Tex. R. Civ. P.166a(c).
Therefore, we review the trial court’s summary judgment de novo.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant’s favor.  Id.  The party moving for summary judgment bears
the burden to show that no genuine issue of material fact exists and that it is
entitled to judgment as a matter of law. 
Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215-16 (Tex. 2003).  Once the
movant has established a right to summary judgment, the nonmovant has the
burden to respond to the motion for summary judgment and present to the trial
court any issues that would preclude summary judgment.  See, e.g., City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979).  Because the trial court’s order does not
specify the grounds for its summary judgment, we must affirm the summary
judgment if any of the theories presented to the trial court and preserved for
appellate review are meritorious.  Provident
Life, 128 S.W.3d at 216.

 

Title Claimed by Adverse Possession








            In issue one, Defendants contend
that a trespass to try title action is the statutory form of action required
for a determination of title to B.S. and Daisy’s undivided one half mineral
interest. In issue five, Defendants argue that Plaintiffs failed to establish
exclusive, adverse possession.  A
trespass to try title action is a procedure by which rival claims to title or
right of possession may be adjudicated.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 755 (Tex. 2003).  To recover in a trespass to try title action,
the plaintiff must recover upon the strength of his own title.  Rogers v. Ricane Enter., Inc.,
884 S.W.2d 763, 768 (Tex. 1994).  The
plaintiff may recover 1) by proving a regular chain of conveyances from the
sovereign, 2) by proving a superior title out of a common source, 3) by proving
title by limitations, or 4) by proving prior possession and that the possession
has not been abandoned.  Id.

            “Adverse possession” is defined as “an
actual and visible appropriation of real property, commenced and continued
under a claim of right that is inconsistent with and is hostile to the claim of
another person.”  Tex. Civ. Prac. & Rem. Code Ann. § 16.021(1) (Vernon
2002); see also Natural Gas Pipeline Co. of Am. v. Pool, 124
S.W.3d 188, 193 (Tex. 2003).  “Peaceable  possession” is defined as “possession of real
property that is continuous and is not interrupted by an adverse suit to
recover the property.”  Tex. Civ. Prac. & Rem. Code §
16.021(3).  A person must bring suit not
later than five years after the day the cause of action accrues to recover real
property in peaceable and adverse possession by another who

 

1) cultivates, uses, or enjoys the
property;

 

                2)
pays applicable taxes on the property; and 

 

                3)
claims the property under a duly registered deed.  

 

Id. §
16.025(a).  When the pleadings and
evidence show that the dispute between the parties involves a question of
title, the trespass to try title statute governs the substantive claims. See
Martin v. Amerman, 133 S.W.3d 262, 267 (Tex. 2004); see also Ely
v. Briley, 959 S.W.2d 723, 727 (Tex. App.–Austin 1998, no pet.)
(trespass to try title is the exclusive remedy by which to resolve competing
title claims to property). 

            Plaintiffs acknowledge that the
trial court’s final judgment was based solely on adverse possession.  Plaintiffs made the following statement in
their brief filed with this court: 

 

This is an adverse possession case.  [Plaintiffs’] title was not, as suggested by
[Defendants], “built” on a 1938 deed executed by an attorney-in-fact to the
predecessors of [Plaintiffs] (the “POA Deed”). 
The POA Deed, in conjunction with other recorded deeds, oil and gas
leases, and “pooled unit declarations,” was used only to establish the extent
of  [Plaintiffs’] possession and its
hostility to any interest in [Defendants]. 


 

When a
party claims title by adverse possession, the claim may be resolved only in a
statutory trespass to try title action.  See
Martin, 133 S.W.3d at 267. 
Plaintiffs contend that Martin v. Amerman does not apply
in this case because it was a boundary dispute and did not involve a question
of deed construction or validity. 
However, by the above language, Plaintiffs concede that the 1938 deed is
not central to their adverse possession claim.

            Adverse possession is one method of
proving title in a trespass to try title action.  See Rogers, 884 S.W.2d at
768.  Plaintiffs cite two cases from our
sister courts of appeals in which an adverse possession claim was resolved in a
suit to quiet title:  Wright v.
Matthews, 26 S.W.3d 575, 578 (Tex. App.–Beaumont 2000, pet. denied) and
Sarandos v. Blanton, 25 S.W.3d 811, 812 (Tex. App.–Waco 2000,
pet. denied).  However, both cases were
decided prior to Martin v. Amerman.  We therefore decline to follow the holding of
either Sarandos or Wright.  

            We hold that a declaratory judgment
action was not the proper vehicle for resolving Plaintiffs’ adverse possession
claim to the undivided one half mineral interest in the seven tracts.  Therefore, summary judgment cannot be
affirmed on that ground. Defendants’ issue one is sustained.  Because we have sustained issue number one,
we need not consider Defendants’ issue five.

 

Title Established by Deed
Construction

            In issues two and four, Defendants
contend that a genuine issue of material fact exists, precluding summary
judgment, because the 1934 power of attorney was forged and the summary
judgment evidence with reference to it was conflicting.  It is undisputed that B.S. died prior to the
execution of the 1938 deed.  Neither
party contends that Clifford’s authority to act for B.S. under the 1934 power
of attorney continued after B.S.’s death in 1935.  Therefore, we construe these issues as
relating only to Plaintiffs’ claim to Daisy’s undivided one fourth mineral
interest.

            The Texas Property Code provides
that “[a] trespass to try title action is the method of determining title to
lands, tenements, or other real property.” 
Tex. Prop. Code Ann. §
22.001(a) (Vernon 2000).  The Declaratory
Judgments Act provides an efficient vehicle for parties to seek a declaration
of rights under certain instruments.  Martin,
133 S.W.3d at 265.  The Declaratory
Judgments Act provides that

 

[a] person interested under a deed, will, written contract,
or other writings constituting a contract or whose rights, status, or other
legal relations are affected by a statute, municipal ordinance, contract, or
franchise may have determined any question of construction or validity arising
under the instrument, statute, ordinance, contract, or franchise and obtain a
declaration of rights, status, or other legal relations thereunder.

 

Tex. Civ. Prac. & Rem. Code Ann. §
37.004(a) (Vernon 1997).  A trial court
has discretion to enter a declaratory judgment so long as it will serve a
useful purpose or will terminate the controversy between the parties.  Bonham State Bank v. Beadle,
907 S.W.2d 465, 468 (Tex. 1995).              A contract or deed that can be given
a definite or certain legal meaning is not ambiguous.  See Stewart & Title Guar. Co. v.
Aiello, 941 S.W.2d 68, 74 (Tex. 1997). 
The construction of an unambiguous deed is a question of law for the
court.  Luckel v. White,
819 S.W.2d 459, 461 (Tex. 1991).  The
primary duty of a court when construing such a deed is to ascertain the intent
of the parties from all of the language in the deed by the four corners
rule.  Id.

            A certificate of acknowledgment
executed in the manner provided by law by a notary public or other officer
authorized by law to take acknowledgments is evidence of document’s
authenticity.  See Tex. R. Evid. 902(8).  There is a decided judicial tendency to view
with suspicion and distrust attempts to discredit certificates of
acknowledgment.  Hardin v. State,
254 S.W.2d 898, 901 (Tex. Civ. App.–Amarillo 1952, no writ).  To impeach a certificate, the evidence must
be clear, cogent, and convincing beyond reasonable controversy.  Id. 

            In this case, Defendants asserted
that the 1934 power of attorney from B.S. and Daisy to Carl was forged, rendering
the 1938 deed void.  The power of
attorney was acknowledged by a notary public. 
To create a fact issue as to the validity of the power of attorney,
Defendants were required to come forward with evidence to rebut the recitations
in the certificates of acknowledgment. 
However, they did not submit any contrary summary judgment evidence on
this issue.  The 1938 deed is
unambiguous.  Because Defendants failed
to create a fact issue as to the validity of the power of attorney, the trial
court’s sole duty was to construe the 1938 deed and determine whether it
conveyed Daisy’s undivided one fourth mineral interest to Stewart Mineral
Corporation’s predecessor in title.  We
hold that it unambiguously did. 
Therefore, in reliance on the 1938 deed, the trial court properly could
have granted summary judgment in favor of Plaintiffs as to Daisy’s undivided
one fourth mineral interest in the seven tracts.  We overrule Defendants’ issues two and four.

            

Attorney’s Fees 

            In their issue three, Defendants
contend that the trial court abused its discretion in awarding Plaintiffs their
attorney’s fees.  Attorney’s fees may not
be recovered unless provided for by statute or by contract between the
parties.  Dallas Cent. Appraisal
Dist. v. Seven Inv. Co., 835 S.W.2d 75, 77 (Tex. 1992).  In order to show the reasonableness and
necessity of attorney’s fees, the plaintiff is required to show that the fees
were incurred while suing the defendant sought to be charged with the fees on a
claim which allows recovery of such fees. 
Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10
(Tex. 1991).  When a party is
unsuccessful on a claim, it is not entitled to recover attorney’s fees.  See Green Int’l, Inc. v. Solis,
951 S.W.2d 384, 390 (Tex. 1997).  

            Plaintiffs brought this lawsuit pursuant
to the Declaratory Judgments Act.  This
Act provides that the trial court “may award costs and reasonable and necessary
attorney’s fees as are equitable and just.” 
Tex. Civ. Prac. & Rem. Code
§ 37.009 (Vernon 1997).  The granting or
denial of attorney’s fees in a declaratory judgment action is within the trial
court’s discretion.  Barshop v.
Medina County Underground Water Conservation Dist., 925 S.W.2d 618, 637
(Tex. 1996).  When a plaintiff seeks to
recover attorney’s fees in a case involving multiple claims, at least one of
which supports an award of fees and at least one of which does not, the
plaintiff must offer evidence segregating attorney’s fees among the various
claims.  See Stewart Title Guar.
Co., 822 S.W.2d at 10-11.[5]  An
exception to this duty to segregate arises when the services rendered are in
connection with claims arising out of the same facts or transaction and their
prosecution or defense entails proof or denial of essentially the same
facts.  Id.  In that instance, the claims are “intertwined
to the point of being inseparable.”  Id.  To determine whether claims are
inextricably intertwined, a court must examine the facts alleged in support of
the claims.  See id.  Even if the claims arise out of the
same transaction, if the prosecution or defense does not entail proof or denial
of substantially the same facts, the exception does not apply.  Id.  We review the trial court’s determination of
this issue (segregation of attorneys’ fees) de novo.  Id.

            Here, the trial court awarded
$57,334.95 based on the Declaratory Judgments Act.  However, it could award only those attorney’s
fees related to a claim that is a proper subject of a declaratory judgment
action.  We have held that Plaintiffs’
adverse possession claim cannot be resolved in a declaratory judgment
action.  Therefore, the trial court could
award only those attorney’s fees relating to Plaintiffs’ claim to Daisy’s
interest under the 1938 deed construed by the trial court.  There is no evidence before us that the
attorney’s fees for these two distinct claims were segregated.  An award of attorney’s fees erroneously based
upon evidence of unsegregated fees requires a remand.  See Stewart Title Guar. Co.,
822 S.W.2d at 11.  Defendants’ third
issue is sustained.

 

Conclusion

            Having sustained Defendants’ issue
one, the summary judgment cannot be affirmed on the ground that Plaintiffs’
proved title by adverse possession to B.S. and Daisy’s undivided one half mineral
interest in the seven tracts.  Having
overruled issues two and four relating to Daisy’s interest, the trial court
could properly have granted summary judgment in favor of Plaintiffs as to Daisy’s
undivided one fourth mineral interest. 
Having sustained issue three, the trial court erred in awarding
unsegregated attorney’s fees to Plaintiffs.

            The trial court’s judgment is affirmed
as to Daisy’s undivided one fourth mineral interest.  The trial court’s judgment is reversed
as to B.S.’s undivided one fourth mineral interest and the award of attorney’s
fees and remanded to the trial court for further proceedings
consistent with this opinion.  The trial
court is instructed to modify its final judgment to delete the finding that
Plaintiffs proved title by limitations.  

 

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered April 28, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

DeVasto,
J., not participating.

 

 

 

 

 

(PUBLISH)











[1]  Tracts
one, two, and three are described in volume 44, page 265 of the Deed Records of
Nacogdoches County, Texas.  Tracts four,
five, six, and seven are described in volume 52, page 126 of the Deed Records
of Rusk County, Texas.





[2]  Property
possessed by either spouse during or on dissolution of marriage is presumed to
be community property.  Tex. Fam. Code Ann. § 3.003 (Vernon
1998).





[3] In their brief, Plaintiffs seek to
sustain adverse possession of B.S.’s mineral interest only under the five year
adverse possession statute.





[4] Defendants filed an affidavit of a
landman with their response to Plaintiffs’ amended motion for summary judgment,
but that affidavit was stricken by the trial court.  The striking of that affidavit is not
challenged on appeal.





[5]  We
note that attorney’s fees may be recovered in a suit in which a party claims
title to real property by adverse possession. 
Tex. Civ. Prac. & Rem. Code
Ann. § 16.034 (Vernon 2002). 
However, there are conditions precedent listed in this statute that are
not established in the record before us.