In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-135 CV


____________________



RENEE BOONE, Appellant



V.



CITIBANK (SOUTH DAKOTA) N.A., Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 04-06-04339-CV






MEMORANDUM OPINION


 Appellant Renee Boone appeals the trial court's judgment in favor of appellee
Citibank (South Dakota), N.A. for the collection of delinquent credit card debts. Boone's
first and second issues challenge the legal sufficiency of the evidence to support the trial
court's judgment. The third issue asserts Citibank waived its right to prosecute its breach of
contract claim because the claim had been resolved by arbitration proceedings. We affirm.

 Citibank extended a line of credit to Boone and issued her an AT&T Universal credit
card and a Citibank Visa credit card, which was apparently upgraded to a Citibank Platinum
Select card. Citibank filed suit against Boone for breach of contract to recover the amount
Boone allegedly owed on the credit cards, and, in the alternative, for quantum meruit. 
Citibank alleged that Boone defaulted in making payments on charges made to the line of
credit thereby violating certain terms contained in the credit card agreements. Citibank also
served Boone with requests for admissions, which Boone failed to answer. After a bench
trial, the court awarded Citibank damages in the amount of $24,162.11, $500 in attorney's
fees, and 5 % post-judgment interest. Boone appeals the trial court's final judgment. 

Standard of Review 

 In Boone's first and second issues, she argues Citibank's business records affidavit
and the pleadings are insufficient to support the trial court's judgment. (1) When no findings
of fact and conclusions of law are requested or filed, it is implied that the trial court made all
fact findings necessary to support its judgment. Sixth RMA Partners, L.P. v. Sibley, 111
S.W.3d 46, 52 (Tex. 2003) (citing BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d
789, 795 (Tex. 2002)). When the appellate record includes the clerk's and reporter's records,
these implied findings may be challenged for legal sufficiency points the same as jury
findings or a trial court's findings of fact. Id.; Roberson v. Robinson, 768 S.W.2d 280, 281
(Tex. 1989). In our review of a legal sufficiency point, we review the evidence in the light
most favorable to the verdict and indulge every reasonable inference that would support it. 
City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence
if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact
finder could not. Id. at 827. The evidence is legally sufficient if it would enable fair-minded
people to reach the verdict under review. Id. We will uphold the judgment on any legal
theory that finds support in the record. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.
1990).

Business Record Affidavit

 Boone argues the trial court improperly admitted into evidence Boone's credit card
statements, credit card agreements, and certain payments Boone made on the accounts
because Citibank relied upon an inadequate business records affidavit. Boone alleges several
defects in the form of the business records affidavit, including the fact that the affiant does
not state he has personal knowledge with regard to the credit card accounts at issue, and
neither the affidavit nor the pleadings establish certain elements of Citibank's breach of
contract claim. (2) Boone further argues the affidavit does not meet the hearsay exception
under Tex. R. Evid. 803(6). Boone did not present these complaints to the trial court by
lodging an objection when the affidavit and accompanying exhibits were admitted into
evidence. Thus, Boone has waived any objection to Citibank's business records affidavit and
to the exhibits admitted into evidence. See Tex. R. App. P. 33.1(a). 

 Even if error had been preserved, the affidavit was sufficient to support the business
records hearsay exception. The affiant, who was an employee of Citicorp Credit Services,
Inc. (USA), Citibank's authorized agent and servicer, testified as to the following relevant
information regarding the attached credit card records: 

 I am one of the custodians of records for Plaintiff [Citibank], and my
duties include having custody and control of records relating to the account of
RENEE BOONE, Citibank Account No. [AT&T Universal Card No.] and
[Citibank Platinum Select Card No.] (the "Accounts"). These records are kept
by Plaintiff in the regular course of business and it was in the regular course
of business of Plaintiff for an employee or representative with personal
knowledge of the act, event, condition, or opinion recorded to make the
memorandum or records or to transmit information thereof to be included in
such memorandum of records; and the records were made at or near the time
of the act, event recorded, or reasonably soon thereafter. The records attached
hereto are true and correct copies of the originals.[ (3)]


The affidavit lays the foundation for each element of the business records exception to the
hearsay rule. See Tex. R. Evid. 803(6), 902(10). Thus, the business records affidavit, along
with the accompanying business records, were properly admitted into evidence. 

Breach of Contract

Deemed Admissions

 Along with Citibank's original petition, Citibank served Boone with requests for
admissions. Boone failed to serve written responses within fifty days of Citibank's written
requests. See Tex. R. Civ. P. 198.2(a). When requests for admissions are unanswered, the
admissions are automatically deemed admitted, unless the court on motion permits their
withdrawal or amendment. Marshall v. Vise, 767 S.W.2d 699, 700 (Tex. 1989). Once an
admission is admitted, deemed or otherwise, it is a judicial admission, and a party may not
introduce testimony to controvert it. See id. 

 The elements of a cause of action for breach of contract are: (1) the existence of a
valid contract; (2) plaintiff's performance or tendered performance; (3) defendant's breach
of the contract; and (4) plaintiff's damages as a result of the breach. Sullivan v. Smith, 110
S.W.3d 545, 546 (Tex. App.--Beaumont 2003, no pet.). Boone did not file a motion for the
withdrawal or amendment of the deemed admissions. See Tex. R. Civ. P. 198.3. By failing
to answer Citibank's request for admissions, Boone has admitted that (1) she and Citibank
entered into an agreement to create a revolving charge agreement for credit and Boone
understood she was obligated to repay all charges or cash advances incurred on the accounts
(Request Nos. 3, 5); (2) Boone requested that Citibank open a credit card account on her
behalf, and Citibank opened the account (Request Nos. 1, 2); and (3) Boone has breached her
agreement with Citibank (Request No. 11). Thus, the first three elements of Citibank's
breach of contract claim have been conclusively established by deemed admissions. (4) See
Tex. R. Civ. P. 198.3.

Legal Sufficiency Review

 Although we hold the deemed admissions conclusively establish the first three
elements of Citibank's breach of contract claim, we will nevertheless review the entire record
to determine whether there is legally sufficient evidence to support the trial court's judgment
as to all of the breach of contract elements. At trial, Boone acknowledged that she made
some of the charges and owed some of the credit card debt at issue. This evidence implies
that Citibank and Boone entered into the credit card agreements; (5) Citibank furnished Boone
with the credit cards; and Boone used the cards to make purchases and cash advances. It also
implies that because Boone indicated at trial that she had an outstanding balance, she
breached her agreement with Citibank to repay all charges and cash advances. 

 Without objection, Citibank offered into evidence a business records affidavit
accompanied by the credit card balance statements of the AT&T Universal card, the Citibank
Visa card, and the upgraded Citibank Platinum Select card. (6) The business records affidavit
indicates that the AT&T card and the upgraded Citibank Platinum card are Citibank
accounts. (7) The balance statements provide the amount due on purchases made and cash
advances received on the accounts. The statements also indicate the rate of interest charged
on overdue balances. (8) The ending balance due on the AT&T card is $8,735.25 (RR: and the
amount remaining due on the Citibank Platinum Select Card is $16,405.79. (9) Thus, although
the trial court awarded an amount less than indicated on these statements, there is some
evidence to support the trial court's $24,162.11 award. We overrule Boone's first two
issues. (10)

Arbitration Award

 Boone's third issue claims Citibank waived its right to prosecute its breach of contract
claim because the claim had been resolved by arbitration proceedings. Boone received an
arbitration award regarding the balance due on the credit cards at issue from National
Arbitration Council, Inc. However, the assertion of "arbitration and award" is an affirmative
defense that must be affirmatively pleaded or it is waived. Tex. R. Civ. P. 94; Wright v.
Matthews, 26 S.W.3d 575, 579 (Tex. App.--Beaumont 2000, pet. denied) (noting that an
affirmative defense must be pleaded or it is waived). Boone did not affirmatively plead
arbitration and award; thus she has failed to preserve error on this issue. Issue three is
overruled. The judgment is affirmed. 

 AFFIRMED. 

 __________________________________

 CHARLES KREGER

 Justice

Submitted on May 18, 2006

Opinion Delivered December 21, 2006


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Boone does not expressly present these issues as legal sufficiency challenges. 
However, because she has cited legal sufficiency case law, we will construe these issues
as such. 
2. Boone contends these defects are insufficient to support a summary judgment
under Tex. R. Civ. P. 166a. Although Citibank filed a motion for summary judgment and
the motion was set for hearing, no ruling on the motion appears in the record. This case
was tried to the trial court. 
3. The express language of the affidavit controverts the following arguments Boone
asserts regarding the affiant: (1) the affiant failed to establish he was an employee of
Citibank; (2) the affiant does not state who maintained the business records; (3) the
affiant failed to show he had personal knowledge regarding Citibank's records retention
policy; and (4) the affiant did not establish he had personal knowledge regarding the
Citibank Visa account, which was upgraded to the Citibank Platinum Select card. Boone
also argues that the credit card statements are not true and correct copies because they are
not two-sided. Boone admitted, in request for admissions no. 21, that the balance
statements showing the final balance due on the accounts were true and correct copies. 
Furthermore, "[a] duplicate is admissible to the same extent as an original unless (1) a
question is raised as to the authenticity of the original or (2) in the circumstances it would
be unfair to admit the duplicate in lieu of the original." Tex. R. Evid. 1003. Boone has
not challenged the authenticity of the original balance statements and, considering that
Boone may be the party in possession of the original balance statements, we do not find
that it was unfair for the trial court to admit the copies in lieu of the originals.
4. We note that an argument may be made that Citibank has waived its right to rely
on requests for admissions nos. 9, 10, and 12 regarding the amount due on the credit cards
when Citibank allowed Boone to testify and submit evidence that may have controverted
these admissions. See Marshall, 767 S.W.2d at 700 (explaining that when a party
attempts to offer evidence that contradicts the deemed admissions, the party relying on the
admissions must protect the record and object to the introduction of the evidence).
Without deciding whether Citibank has waived its rights to rely on these admissions, we
will review the damages element of the breach of contract claim as part of our legal
sufficiency analysis. 
5. Boone argues Citibank failed to prove the existence of a contract because the
credit card agreements entered into evidence did not name the parties to the agreement;
Citibank did not prove that the agreements were delivered to Boone or that Boone
accepted the terms of the agreements; and the agreements were not definite in their terms. 
We find there is some evidence of the agreements because Boone admitted that she and
Citibank entered into the agreements and her testimony indicates that she used the credit
cards.
6. Boone argues there is no evidence she received these statements. Boone's
address appears on each statement. Furthermore, she has admitted, by failing to respond
to request for admission no. 6, that she received credit card statements for both accounts
on a monthly basis. 
7. The first balance statement on the Citibank Platinum card indicates that the
beginning balance on the platinum card is the remaining balance from the prior Citibank
Visa card. This indicates that the Citibank Visa card was also an account owned by
Citibank.
8. Boone challenges the amount of interest applied to the accounts and alleges that
Citibank failed to establish the contractual interest rate and did not prove that it sent her
any notices regarding interest rate increases as required by the credit card agreements. 
However, when Boone failed to respond to Citibank's request for admissions no. 18, she
admitted that the contractual rate of interest was 23.990% per year. Boone is not allowed
to offer evidence to controvert this admission. See Marshall, 767 S.W.2d at 700. Boone
also contends that Citibank failed to establish that the interest rates charged were in
compliance with applicable usury laws. The Rules of Civil Procedure provide that a party
asserting that a contract sued upon is usurious must file a verified pleading, otherwise no
evidence of usurious interest as a defense shall be received. Tex. R. Civ. P. 93(11). 
Boone did not file a verified pleading; thus she has waived all arguments regarding this
issue. See Tex. R. Civ. P. 93(11).
9. Boone contends Citibank failed to prove that it properly calculated the amounts
due on the accounts. The balance statements themselves provide some evidence as to the
amounts due on the accounts. We may thus assume the trial court made an implicit
finding that the calculations used to determine the amounts were accurate.
10. Because the evidence establishes that a contract existed, the trial court could not
have awarded damages based on Citibank's quantum meruit theory. See Tully v. Citibank
(S.D.), N.A., 173 S.W.3d 212, 216 (Tex. App.--Texarkana 2005, no pet.).