# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00372-CV

**Justin A. Washmon, Appellant**

**v.**

**Juanita A. Strickland, Substitute Trustee and Washington Mutual Bank, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. D-1-GN-05-004588, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

Appellant Justin A. Washmon filed suit seeking a declaratory judgment and a request to quiet title against appellees Washington Mutual Bank ("Washington Mutual") and Juanita Strickland, substitute trustee, concerning real property sold at a non-judicial foreclosure sale. Washmon owned the real property prior to the foreclosure sale. The district court granted summary judgments in favor of appellees and dismissed Washmon's claims with prejudice. The majority affirms the district court's judgment. I concur in the majority's judgment, but I write separately because I would affirm the summary judgment ruling in favor of Washington Mutual pursuant to rule 166a(i) of the rules of civil procedure. *See* Tex. R. Civ. P. 166a(i).

## BACKGROUND

The summary judgment evidence was not controverted concerning the material facts surrounding the foreclosure sale. In October 2002, Washmon executed a note in the original

principal amount of $113,200 and deed of trust to Long Beach Mortgage Company. The deed of trust secured the note and granted Long Beach Mortgage Company a first lien on certain real property located at 8410 Dixon Drive, Austin, Texas 78745 (the "property"). Both the note and the deed of trust provided that they were assignable without Washmon's consent. Long Beach Mortgage Company thereafter assigned the note and deed of trust to Deutsche Bank National Trust Company, as trustee for Long Beach Mortgage Loan Trust 2003-1 ("Deutsche Bank"). Washington Mutual serviced the note for Deutsche Bank.

In July 2005, Washmon defaulted under the terms of the note by failing to make required payments. Washington Mutual provided Washmon with written notice of the default and an opportunity to cure. Notices were provided to Washmon in August 2005, November 2005, and December 2005. The December 2005 notice advised Washmon of the acceleration of the debt and a scheduled foreclosure sale of the property.

Strickland was appointed substitute trustee. She posted notice at the Travis County Courthouse that the property would be sold at a non-judicial foreclosure sale on January 3, 2006, and she filed a copy of the notice with the Travis County clerk. A few days before the scheduled foreclosure sale, Washmon filed this suit seeking declaratory relief and quiet title to the property, but the foreclosure sale proceeded as scheduled. The highest bidder was Washington Mutual. The purchase price was $119,012.84. At that time, the outstanding principal balance on the note was $110,476.05. Strickland executed a substitute trustee's deed at the time of the sale.

A few days after the foreclosure sale, Washmon amended his petition to reference the foreclosure sale. Washmon continued to seek declaratory relief and quiet title to the property in

2

the amended petition: "[i]t is the claim of Justin A. Washmon that no one holds a greater interest in the contested property than he does."

In December 2006, Washington Mutual filed a motion for summary judgment. *See* Tex. R. Civ. P. 166a(c), (i). Washington Mutual sought summary judgment pursuant to rule 166a(c) contending that the evidence conclusively showed that it was the current owner of the property. *See id*. 166a(c). Washington Mutual also sought summary judgment pursuant to rule 166a(i) contending that there was no evidence that Washmon had a right of possession or title to the property, Washmon had paid the note or fully performed under the note, or Washmon had any right to the property. Washington Mutual's evidence included affidavits from Strickland; Marlene Petros, an employee of Washington Mutual; and Robert Horn, an attorney whose law firm handled the foreclosure.[1]

Washmon responded to Washington Mutual's summary judgment motion with affidavits by Washmon and Brian Paul Hunt who was present at the foreclosure sale of the property.[2]

---

[1] Strickland averred concerning her appointment as the substitute trustee, the posting of the notice of the foreclosure sale, and the foreclosure sale. Attached to her affidavit were copies of her appointment as the substitute trustee, the notice of the foreclosure sale, and the substitute trustee's deed. Petros averred that she was involved in monitoring and collecting the note, the original of the note was lost or destroyed, Washmon defaulted under the terms of the note in July 2005 and remained in default, and Washington Mutual sent "multiple notices" to Washmon concerning his default by failing to pay amounts due under the note. Attached to her affidavit were copies of the note, deed of trust, assignment of deed of trust, notices to Washmon, and the note's loan payment transaction history. Horn averred that his law firm handled the foreclosure of the property, including sending notices of default, acceleration, and foreclosure to Washmon. Attached to his affidavit were copies of the notices to Washmon and the notice affidavit for the foreclosure sale.

[2] Washmon also attached discovery responses from Washington Mutual to his response to Washington Mutual's motion for summary judgment, contending that Washington Mutual's discovery responses were "non-responsive" and that he was "entitled to complete discovery" and to proceed to trial.

3

Washington Mutual objected to portions of both affidavits, and the district court substantially sustained its objections. After the district court struck paragraphs 2, 5 in part, 6, 7, 9, 10 in part, 11 through 14, 18, and 19, Washmon's affidavit reads in its entirety:

1.  I am Justin Alywin Washmon. I am over 21 years of age, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

3.  I have reviewed defendant Washington Mutual Bank's motion for summary judgment and attached affidavits and exhibits.

4.  I deny all claims alleged in Washington Mutual Bank's motion for summary judgment.

5.  More specifically I have reviewed exhibit "1" alleged "true and correct copy" of the original Note.

8.  I have reviewed the affidavit of Marlene Petros and I am in agreement with her statement that the original Note is not in Washington Mutual Bank's files.

10.  Long Beach Mortgage Company never noticed me of any bonds, or liens executed by State, County, Municipalities, and or agencies thereof against the property located at 8410 Dixon Dr, Austin, Texas.

15.  On January 3, A.D., 2006, I was present at the rear "sallyport" of the Travis County Courthouse 1000 Guadalupe Street, Austin, Texas 78701, or the place designated by the County Commissioner Court to witness a purported Substitute Trustee Sale (Non-Judicial Foreclosure) of real property with a mailing address of 8410 Dixon Austin, Texas hereafter, The Property.

16.  I verbally gave notice to the Substitute Trustee, Juanita Strickland, and served notice upon said Substitute Trustee by Constructive Notice.

17.  Juanita Strickland, purported substitute trustee, is the agent that conducted the pretend sale to the highest bidder. Washington Mutual was the apparent high bidder. Affiant did not witness an Agent of Washington Mutual or Deutsche Bank tender cash with Juanita Strickland for The Property.

4

Hunt's averments remaining after the district court struck his paragraphs 2, 6, 7, and 8 mirrored Washmon's paragraphs 15 and 17, concerning the foreclosure sale:

1. On January 3, A.D., 2006, I was present at the rear "sallyport" of the Travis County Courthouse 1000 Guadalupe Street, Austin, Texas 78701, or the place designated by the County Commissioner Court to witness a purported Substitute Trustee Sale (Non-Judicial Foreclosure) of real property with a mailing address of 8410 Dixon Austin, Texas 78748, The Property.

3. Juanita Strickland, purported substitute trustee, is the agent that conducted the pretend sale to the highest bidder.

4. Washington Mutual was the apparent high bidder.

5. Affiant did not witness an Agent of Washington Mutual or Deutsche Bank tender cash with Juanita Strickland for The Property.

After a hearing, the district court granted Washington Mutual's motion for summary judgment without specifying the basis for its ruling. The court ordered that Washmon take nothing on his claims against Washington Mutual and that the lis pendens filed in this matter was cancelled and of no effect. Strickland then filed a motion for summary judgment pursuant to rule 166a(c) of the rules of civil procedure based upon the district court's prior summary judgment ruling in favor of Washington Mutual. *See* Tex. R. Civ. P. 166a(c). Strickland contended that the effect of the district court's order was to validate the foreclosure sale and Strickland's actions as the substitute trustee. The district court granted Strickland's motion and dismissed all of Washmon's claims with prejudice. Washmon filed a motion for new trial, which motion the district court denied. This appeal followed.[3]

---

[3] Washmon does not challenge the district court's summary judgment ruling in favor of Strickland.

5

**ANALYSIS**

In five issues, Washmon contends: (i) the district court erred when it granted summary judgment in favor of Washington Mutual, (ii) the district court erred "in presuming that Washmon had a legal duty to Washington Mutual," (iii) Washington Mutual did not have "a legal right to begin and execute a foreclosure procedure against Washmon," (iv) "the actions of Washington Mutual deprive Washmon of his equitable interest and continue to obligate Washmon as to the actual holder of the contract," and (v) Washington Mutual did not have any interest in the property.[4]

Because the district court did not specify the basis for its ruling, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). Because it is dispositive, I limit my analysis then to Washington Mutual's no-evidence ground pursuant to rule 166a(i). *See* Tex. R. App. P. 47.1; Tex. R. Civ. P. 166a(i).

In a summary judgment motion under rule 166a(i), the movant contends that there is no evidence of one or more essential elements of the claims for which the non-movant would bear the burden of proof at trial, and the trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i). In deciding whether there is a disputed material fact issue precluding summary judgment, we must take evidence favorable to the non-movant as true, indulge every reasonable inference in favor of

---

[4] Washmon has appeared *pro se* throughout this case. His pleadings and briefing are to be liberally construed, but he is held to the same standards as licensed attorneys. *See Giddens v. Brooks*, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied); *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet. denied).

the non-movant, and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Knott*, 128 S.W.3d at 215.

Washmon brought suit for declaratory relief and to quiet title to the property, claiming "no one holds a greater interest in the contested property than he does." A suit to quiet title, sometimes referred to as a suit to remove a cloud from title, is an equitable action that may be used to establish that an adverse party's claim to property is invalid or unenforceable. *See Angell v. Bailey*, 225 S.W.3d 834, 838 n.6 (Tex. App.—El Paso 2007, no pet.) ("A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property."); *see also In re Stroud Oil Props., Inc.*, 110 S.W.3d 18, 25-26 (Tex. App.—Waco 2002, orig. proceeding); *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied); *Bell v. Ott*, 606 S.W.2d 942, 952-53 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.). "A suit to quiet title or to remove a cloud can be maintained only by a person owning an interest in the property involved." *Bell*, 606 S.W.2d at 953. The plaintiff in a suit to quiet title then "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright*, 26 S.W.3d at 578.

In its motion for summary judgment pursuant to rule 166a(i), Washington Mutual contended that there was no evidence that Washmon had a right of possession, title, or any right to the property. It was Washmon's burden then to produce evidence to raise a genuine issue of material fact that he had an interest in the property. *See id.*; *Bell*, 606 S.W.2d at 953. The evidence that Washmon produced—the affidavits of Washmon and Hunt—does not address Washmon's alleged interest in the property. Because Washmon failed to produce evidence raising a genuine issue of

7

material fact concerning his interest in the property, I would affirm the district court's summary judgment ruling in favor of Washington Mutual pursuant to rule 166a(i). *See* Tex. R. Civ. P. 166a(i).

I therefore concur in the majority's judgment.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Filed:   February 26, 2010